Opinion issued on June 17, 2004.








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00458-CR




JOE VIDALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 676525




MEMORANDUM OPINION
          A jury found appellant, Joe Vidales, guilty of attempted murder and assessed
punishment at 32 years’ confinement. Appellant subsequently filed a motion
requesting post-conviction DNA testing, which the convicting court denied. 
          Appellant’s appointed counsel filed a brief stating that, in his opinion, the
appeal is frivolous. The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and stating why there are no arguable grounds for error on appeal. See Gainous v.
State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant filed a pro se brief. 
          In four issues, appellant contends that “[t]here were no samples by the Houston
Police Department Crime Scene on atomic absorption,” the State did not have
probable cause to arrest appellant, and the State searched appellant’s apartment
without a warrant, the enhancement paragraph of appellant’s indictment for attempted
murder violated the double jeopardy clause, appellate counsel provided ineffective
assistance, and appellant did not receive a fair trial and, thus, is entitled to DNA
testing. We affirm. 
Background
          Appellant’s motion requesting DNA testing on any evidence in the State’s
possession containing biological material did not identify the biological evidence
upon which appellant sought testing. In its response, the State tendered affidavits
from: (1) Melchora Vasquez, Harris County District Clerk’s Office exhibits clerk,
who stated that her office possessed photographs, a “pen packet” and a stipulation of
evidence relating to appellant’s trial; (2) Jim Bolding, Houston Police Department
(HPD) Crime Lab records custodian, who stated that his office had received no
evidence relating to appellant’s case; (3) Robert Baldwin, HPD Firearms Laboratory
records custodian, who stated that his office never possessed any evidence relating
to appellant’s case; and (4) K.L. McGinnis, HPD records custodian, who stated and
provided documentary evidence establishing that the evidence previously in HPD’s
custody relating to appellant’s case—four fired .22 cartridge casings—had been
destroyed on December 10, 1993. 
          The trial court denied appellant’s motion and adopted the State’s proposed
findings of fact and conclusions of law, finding, in part, that appellant failed to show
that (1) biological evidence still existed in a condition making DNA testing possible
and (2) a reasonable probability existed that he would not have been prosecuted or
convicted had exculpatory test results been obtained through DNA testing. 
Complaints Regarding Original Conviction
          In his first issue, appellant contends that “[t]here were no samples . . . on
atomic absorption[,] . . . no probable cause to arrest the appellant. . . [, and] no reason
to search the appellant[’s] apartment without a warrant.” In his second issue,
appellant contends that 
The enhancement paragraph of [appellant’s indictment for] attempted
murder violates the double jeopardy clause . . . [and] appellant was
never convicted for attempted murder as the indictment read. On a
Motion Nunc Pro Tunc[,] the response read that the appellant is serving
[his] sentence for aggravated assault w/ [a] deadly weapon. This also
violates the double jeopardy clause.

          Because he may only appeal his original conviction directly, we do not address
the merits of appellant’s first two issues. See Watson v. State, 96 S.W.3d 497, 500
(Tex. App.—Amarillo 2002, pet. ref’d) (holding that an appeal from the denial of a
motion for forensic DNA testing is limited to the findings of the lower court in
non-capital cases). Here, appellant’s notice of appeal expressly stated that it was to
appeal matters relating to appellant’s motion for post-conviction DNA testing. See 
Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2004) (providing that trial
court’s findings for post-conviction DNA motions are appealable to court of appeals
in non-capital cases). The notice of appeal relating to appellant’s original conviction
was not assigned to this Court and is not the subject of the instant appeal.
          We hold that we are without jurisdiction to consider appellant’s first two issues
relating to his original conviction. See Lopez v. State, 114 S.W.3d 711, 714 (Tex.
App.—Corpus Christi 2003, no pet.) (holding that jurisdiction afforded to appellate
court for post-conviction DNA motions does not extend to collateral attacks on
judgment of conviction or resurrect issues that could have been previously challenged
on direct appeal). Accordingly, we dismiss appellant’s first and second issues for
lack of jurisdiction.Ineffective Assistance
          In his third issue, appellant contends that his appellate counsel “was not a
reasonable assistance and bottom line he was never effective assistance of counsel.”
          To prevail on an ineffective assistance of counsel claim, an appellant must first
prove, by a preponderance of the evidence, that his counsel’s representation fell
below the objective standard of professional norms. Bell v. State, 90 S.W.3d 301, 307
(Tex. Crim. App. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052 (1984)). He must then show that this deficient performance prejudiced
his defense. Bell, 90 S.W.3d at 307. 
          Appellant questions his counsel’s professional ability and argues that his
counsel “chose words to harm this appeal” and “failed to perform a service paid by
the State of Texas.” Admittedly, without authority, the State responds that a
convicted person has no constitutional right to counsel when pursuing post-conviction DNA testing.
          Assuming, without deciding that appellant may raise a claim of ineffective
assistance arising from a proceeding under chapter 64 of the Texas Code of Criminal
Procedure, to prevail on his claim, the record reveals that there is no biological matter
to subject to DNA testing and the appeal is objectively frivolous. Appellate counsel
filed an Anders brief and complied with its requirements. See Gainous, 436 S.W.2d
at 138. Nothing in the record shows that, under the facts and circumstances of this
case, appellate counsel’s representation fell below the standards of professional
norms.
          We overrule appellant’s third issue.
Denial of Post-Conviction DNA Motion
          In his fourth issue, appellant contends that the trial court erred in denying his
motion for DNA testing. Appellant argues that the outcome of the trial would have
differed if four bullet “hulls” had undergone DNA testing.
          In reviewing the trial court’s decision on a motion for post-conviction DNA
testing, we afford almost total deference to the trial court’s determination of
historical-fact issues and application of law-to-fact issues that turn on credibility and
demeanor, while we review de novo other application of law-to-fact issues. Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). However, the ultimate question
of whether a reasonable probability exists that exculpatory DNA tests would have
proven innocence is an application of law-to-fact question that does not turn on
credibility and demeanor and is, therefore, reviewed de novo. Id. 
          Before granting post-conviction DNA testing, the trial court must first
determine whether identity was or is an issue in appellant’s case and whether
evidence still exists, is in a condition making DNA testing possible, and has been
subjected to a chain of custody sufficient to establish that it has not been altered. 
Tex. Code Crim. Proc. Ann. art. 64.03(a)(1) (Vernon Supp. 2004). Second, the trial
court must determine whether appellant established by a preponderance of the
evidence that “a reasonable probability exists that [he] would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA
testing.” Id. art. 64.03(a)(2)(A) (Vernon Supp. 2004). A “reasonable probability” is
a probability sufficient to undermine confidence in the outcome. Ex Parte Guzmon,
730 S.W.2d 724, 733 (Tex. Crim. App. 1987). 
          Here, there was uncontroverted evidence that the State did not have possession
of any biological evidence that could have been subjected to DNA testing. 
Accordingly, the trial court did not err in denying appellant’s motion for post-conviction DNA testing. See Dinkins v. State, 84 S.W.3d 639, 643 (Tex. Crim. App.
2002) (stating that the trial court is never required to grant a motion for DNA testing
absent a showing that a reasonable probability exists that exculpatory DNA testing
would prove innocence).  
          We overrule appellant’s fourth issue.Conclusion 
          We affirm the trial court’s order denying appellant’s post-conviction motion
for DNA testing.
          We grant appellate counsel’s motion to withdraw. See Moore v. State, 466
S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stephens v. State, 35 S.W.3d 770, 771
(Tex. App.—Houston [1st Dist.] 2000, no pet.). 
 

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).