Elifonso **LOPEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–02–161–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 19, 2003.

*Motion for En Banc Reconsideration*
Denied Sept. 11, 2003.

Elifonso Lopez, Cuero, pro se.

David W. Hartmann, Asst. County Criminal Dist. Atty., Brownsville, for state.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Elifonso Lopez appeals from a post-conviction denial of his motion for DNA testing pursuant to article 64.01 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2003). We dismiss in part for want of jurisdiction and affirm in part.

## I. BACKGROUND

Lopez was sentenced to life in prison after a jury convicted him of the aggravated sexual assault of his stepbrother, a child under the age of fourteen years. This Court affirmed his conviction.[1] In post-conviction proceedings, a federal court found that the ineffective assistance of counsel denied Lopez a fair trial. The State's records proved Lopez was incarcerated on December 17, 1988, the alleged

---

1. *Lopez v. State,* 815 S.W.2d 846 (Tex.App.- Corpus Christi 1991, pet. ref'd).

date of the offense for which the jury convicted him. The federal court ordered the State of Texas to either re-try Lopez or release him. After re-indictment alleging the date of December 17, 1989, Lopez pleaded guilty to aggravated sexual assault pursuant to an agreed punishment recommendation.

The trial court determined that Lopez's guilty plea was free and voluntary. It also found the evidence sufficient to support his guilty plea. It found Lopez guilty of the offense as charged and, honoring the agreed punishment recommendation, sentenced him to fifteen years in the Institutional Division of the Texas Department of Criminal Justice. Lopez appealed again. Appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lopez filed a pro se brief. This Court independently reviewed the record and Lopez's pro se arguments. We concluded that the appeal was without merit.[2]

On January 16, 2002, Lopez filed his first amended motion for post-conviction DNA testing, seeking DNA testing of evidence collected during a physical examination of the child he pleaded guilty of sexually assaulting. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01. Lopez asserted, because the State did not produce a request for destruction of the evidence, that the evidence used in his trial must still be in the custody of authorities and currently existing in a condition that makes forensic DNA testimony possible. He added: "Particularly, crucial evidence may be found in the possession of Dr. Rafael De La Cruz and the Cameron County Sheriff's office in Master file number 900142." Finally, Lopez asserted:

8. Identity is an issue in this case specifically because the original prosecution

of the case alleged the incident occurred on December 17, 1988. When that conviction was overturned, Mr. Lopez was indicted for the same offense against the same victim, however, the date was changed to December 17, 1989. Identity is also an issue because Art. 64.03(b) specifically states "a convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea."

The convicting court noted that the child had not been physically examined until more than three weeks after the date the offense allegedly occurred. It concluded that no "medical procedure or technology" is available today to test an alleged sexual assault victim, after an elapsed time of more than three weeks, for the purpose of analyzing DNA material. On January 18, 2002, the convicting court denied Lopez's motion for DNA testing. This appeal ensued.

## II. APPLICABLE APPELLATE RULES

■ Lopez filed a timely notice of appeal on February 5, 2002. The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the Texas Constitution against retroactive application of laws that disturb vested, substantive rights. *See* TEX. CONST. art. I, § 16; *see also Ibarra v. State*, 11 S.W.3d 189, 192 (Tex.Crim.App.1999). Therefore, this Court applies the current rules of appellate procedure to this appeal. We may not

---

**2.** *Lopez v. State*, No. 13–96–531–CR, 1998 Tex.App. LEXIS 2376 (Corpus Christi April 23, 1998, pet. ref'd) (not designated for publication).

affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. Tex.R.App. P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and can be corrected by the trial court. Tex.R.App. P. 44.4(a). Accordingly, we abated the appeal on July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of Lopez's right of appeal. *See* Tex.R.App. P. 25.2(a)(2). We received a supplemental record on August 18, 2003 that includes the trial court's certification of Lopez's right of appeal. We now turn to the merits.

### III. ISSUES ON APPEAL

Lopez complains the trial court erred in denying his motion for post-conviction DNA testing. In addition, he asserts three other issues in which he complains: (1) his conviction should be reversed because the prosecution did not disclose exculpatory evidence that proved he did not and could not have committed the charged offense; (2) he was denied effective assistance of counsel because his confession was coerced; and (3) the evidence was factually and legally insufficient to support his conviction. The State responds that we should overrule Lopez's arguments because they are not supported by the record.

### IV. JURISDICTION

Jurisdiction is fundamental and cannot be ignored. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996). Our jurisdiction must be legally invoked. *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App.1964). If not legally in-

voked, our power to act is as absent as if it did not exist. *Id.* When we lack jurisdiction to act, we have no power to dispose of the purported appeal in any manner other than dismissal for lack of jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim. App.1996). Chapter 64 of the code of criminal procedure authorizes post-conviction forensic DNA testing if the applicant meets the requirements enumerated in article 64.03. Tex.Code Crim. Proc. Ann. art. 64.03 (Vernon Supp.2003). In non-capital cases, the trial court's findings under article 64.03 are appealable to a court of appeals. Tex.Code Crim. Proc. Ann. art. 64.05. Thus, the Texas Legislature has conferred on us jurisdiction over an appeal involving a motion for post-conviction DNA testing brought under article 64.03. *Id.*

Accordingly, we hold that we have statutory jurisdiction over Lopez's complaint that the trial court erred in denying his motion for post-conviction DNA testing. However, Lopez has not cited any authority indicating that this Court has jurisdiction to consider his three additional issues and the requested relief. We have found none. The jurisdiction afforded us under chapter 64 does not extend to collateral attacks on the judgment of conviction or resurrect issues previously challenged on direct appeal. We hold that chapter 64 does not confer jurisdiction over issues other than an appeal of a trial court's findings pursuant to its provisions. *See* Tex.Code Crim. Proc. Ann. art. 64.05. Therefore, we have no jurisdiction over Lopez's issues asserting non-disclosure of exculpatory evidence preceding the plea proceeding that resulted in his second conviction, claiming ineffective assistance of counsel, or challenging the legal and factual sufficiency of the evidence to support the judgment of conviction. Accordingly, we review only Lopez's challenge to the order denying his motion for post-convic-

tion DNA testing. We dismiss his remaining issues for want of jurisdiction.

## V. THE RECORD

The record before us contains the proceedings in which Lopez pleaded guilty to the charge of aggravated sexual assault of a child and true to two enhancement paragraphs as alleged in the indictment. The trial court admonished Lopez pursuant to article 26.13 of the code of criminal procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.2003). Lopez signed a Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty, which the trial court admitted as State's Exhibit 1. In the stipulation, Lopez agreed that:

> The State may introduce affidavits, written statements of witnesses and any other documentary evidence in support of any judgment that may be entered in this cause, which are marked Exhibits No. 1, through No. 4, inclusive, and made a part hereof; that such stipulated evidence is true and correct; that the Defendant, is the identical person referred to in the exhibits and stipulated evidence and if the witnesses were present, sworn and testifying under oath that they would testify as set out in their written statements and would identify the Defendant as the person of whom they speak in said exhibits and stipulations; that the Defendant is the identical person named in the indictment in the above styled and numbered cause; that each and every allegation in said indictment charging the offense of aggravated sexual assault is true and correct and each act therein alleged occurred in Cameron County, Texas.

Pursuant to the stipulation, the trial court also admitted State's Exhibits 2, 3, and 4. Exhibit 3 is the child's signed statement, in which the child identified Lopez as the perpetrator. The child also said that the sexual assault occurred the day after his tenth birthday, or on December 17, 1989. Exhibit 2 is the report of an investigation in which the investigator documented that the child told her it was Lopez who had committed the sexual assault, not some other man. The investigative report also documented that the investigator contacted the office of the child's examining physician about the results of a culture test performed during a physical examination of the child three weeks after the sexual assault. The report documented that the results of the culture were negative. It also documented that no significant findings resulted from the physical examination. Exhibit 4 contains the medical record of the child's physical examination performed three weeks after the alleged sexual assault, which identified the child's "stepbrother" as the offender. Like the investigative report, the medical record also indicated "no significant findings."

## VI. THE LAW APPLICABLE TO POST–CONVICTION DNA TESTING

### A. The Statutory Provisions

■ Article 64.03 provides:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and

(B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) a reasonable probability exists the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or the administration of justice.

TEX.CODE CRIM. PROC. ANN. art. 64.03(a).

A trial court is prohibited from granting a convicted person's request for DNA testing unless the requirements in article 64.03 are met. *Dinkins v. State*, 84 S.W.3d 639, 643 (Tex.Crim.App.2002). Article 64.03 does not require a hearing for a trial court to determine if the applicant is entitled to DNA testing. *Rivera v. State*, 89 S.W.3d 55, 58–9 (Tex.Crim.App.2002). By contrast, a trial court must hold a hearing under article 64.04 after a convicted person has obtained DNA testing under article 64.03. *Id.* at 59.

### B. The Standard of Review

■ In an appeal of a post-conviction DNA proceeding under chapter 64, we apply a bifurcated standard of review. *Id.* We afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor. *Id.* We review de novo other application-of-law-to-fact issues. *Id.*

### VII. ANALYSIS

■ Lopez claimed in his motion the existence of "various pieces of biological material" that could be subjected to DNA testing. He did not describe the material. In its order, the convicting court determined that the evidence Lopez "apparently directs this motion [to] is evidence, if any, obtained in the medical examination of the alleged victim" and acknowledges "the question raised in the motion is one of identity, to-wit: Is there physical scientific evidence capable of DNA testing in the possession of the State which could connect or disconnect this defendant with the alleged sexual abuse." In his brief, Lopez acknowledges that the prosecutor claims that "there is no kind of evidence on this case at bar."[3] In his supplementation, Lopez again acknowledges a letter from the State to the convicting court allegedly stating that "review of our and the Sheriff's officers' lockers failed to show any stored evidence, [perhaps] the Court's custodian has it."[4] Lopez complains the evidence was in the possession of the State and the State must now show where the evidence is or provide proper destruction documents during a hearing or properly filed documentation. Lopez asserts that the absence of evidence in his case is legal proof that he "did not commit the alleged offense." He adds that "no medical evidence, no physical evidence, no forensic evidence, no scientific evidence" means that the evidence is legally insufficient to

3. Lopez does not challenge whether the convicting court complied with article 64.02 of the code of criminal procedure, which states the trial court shall provide a copy of the motion to the State and require the State to deliver the evidence to the court or explain in writing to the court why the State cannot deliver the evidence to the court. TEX.CODE CRIM. PROC. ANN. art. 64.02(2)(B) (Vernon Supp.2003). However, if true, Lopez's version of the State's response infers that the

State explained in writing to the court why it could not deliver the evidence in compliance with article 64.02(2)(B). *Id.* The convicting court could have concluded on that basis that there was no DNA material to test.

4. Lopez informs us that the letter is dated January 10, 2002. The trial court ruled on his motion on January 18, 2002.

sustain his conviction. It is this collateral attack on Lopez's final judgment of conviction over which we have concluded we have no jurisdiction.[5] It is also this concession that defeats Lopez's challenge on appeal to the trial court's denial of his motion for post-conviction DNA testing.

Article 64.01(b) requires that the motion for post-conviction DNA testing may request forensic DNA testing "only of evidence" containing biological material that is the basis of the challenged conviction. Lopez concedes there is no evidence to be tested. The threshold requirement of article 64.03 is that the trial court determine whether the evidence exists. TEX.CODE CRIM. PROC. ANN. art. 64.03. Here, the record does not establish that evidence capable of forensic testing exists. Accordingly, the record supports a finding that no evidence containing biological material capable of exculpatory DNA testing exists. Indeed, Lopez points to none. Thus, we hold as a matter of law that the convicting court properly denied Lopez's motion for post-conviction DNA testing. *See Dinkins*, 84 S.W.3d at 643. We overrule Lopez's first issue.

## VIII. CONCLUSION

### A. Disposition

We dismiss for want of jurisdiction Lopez's claims challenging the judgment of conviction. We affirm the trial court's order denying Lopez's motion for post-conviction DNA testing.

### B. Motion for Appointment of Appellate Counsel and Waiver of Appellate Fees

Lopez's motion for post-conviction DNA testing was filed by an attorney. At the

time he filed his pro se brief, Lopez also filed a motion seeking: (1) appointment of counsel on appeal pursuant to article 64.05 of the code of criminal procedure; and (2) waiver of fees on appeal.

### 1. Appointment of Counsel

 A convicted person is entitled to counsel during a proceeding under chapter 64 of the code of criminal procedure. TEX.CODE CRIM. PROC. ANN. art. 64.01(c). Because article 64.01(c) does not differentiate between the trial and appellate phases, an indigent person has a statutory right to counsel to assist with an appeal under chapter 64. *Gray v. State*, 69 S.W.3d 835, 837 (Tex.App.-Waco 2002, no pet.) (per curiam). Under the statute, the only requirements for appointment of counsel are a request for counsel and indigence. *In re Rodriguez*, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig. proceeding). Here, the record shows that Lopez's motion for post-conviction DNA testing was filed by an appellate attorney with the State Counsel for Offenders. Lopez sought the appointment of the same attorney to prosecute the motion. The trial court denied the motion. The record does not show that the State Counsel for Offenders filed a motion to withdraw from representing Lopez or that the representation otherwise concluded. Lopez does not complain on appeal that the requirements of article 64.01(c) were not satisfied with his representation by the State Counsel for Offenders.

On appeal, however, Lopez filed a pro se brief, motion for appointment of counsel and appellate fees, and supplementation to the record. Under Texas law, Lopez does not have a right to hybrid representation. *See Rudd v. State*, 616 S.W.2d 623, 625

---

**5.** Even if we had jurisdiction to review Lopez's complaints, there is no evidence in the record before us to support them.

(Tex.Crim.App.1981). We have considered Lopez's pro se brief. We deny his motion for appointment of counsel on appeal.

### 2. *Waiver of Appellate Fees*

Lopez also seeks waiver of appellate fees. No appellate filing fees are assessed against a defendant in a criminal case. Lopez's appeal has proceeded without the payment of any fees. We find that Lopez's request for a waiver of fees is moot.