Opinion issued February 26, 2004.
 


 
 
 

 
 
 
 
 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00763-CR




WAYNE MERRITT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 775393




MEMORANDUM OPINION

          A jury convicted appellant Wayne Merritt of sexual assault of a child in 1999. 
In May 2002, Merritt filed a motion for post-conviction DNA testing in the
convicting court. The court denied Merritt’s motion, based in part on its
determination that no biological evidence existed to test.


 Merritt appeals, asserting
that the trial court used a standard of proof that violates his constitutional right to
equal protection. We affirm the trial court’s order.
Background
          In the trial court, Merritt claimed he is entitled to DNA testing because (1) the
complainant in his underlying case has received treatment at Texas Children’s
Hospital for a sexually transmitted disease; (2) he is sure that her examination report
is on file at the hospital; and (3) his DNA should be tested “against the examination.” 
The State responded that the only evidence it has from the underlying case is a chart
and a stipulation of evidence kept in the Harris County District Clerk’s files. The
State further explained that neither the Houston Police Department (HPD) nor the
HPD Crime Lab possessed any DNA evidence from the incident giving rise to the
offense. In support, the State submitted affidavits from the HPD property and records
custodian, the HPD Crime Lab property and records custodian, and the Exhibits Clerk
of the Harris County District Clerk.
          In June 2002, the trial court ordered that the Harris County District Clerk
“submit the evidence, if any, for examination and testing, to determine if biological
items exist and if so, to immediately begin comprehensive DNA testing on this
evidence.” The trial court noted that the “State has already complied with [this
request]” and denied Merritt’s request that he be made available to submit a
biological sample for DNA comparison.
          Merritt appealed the June order, complaining that the trial court should have
issued written findings in support of its decision pursuant to Article 64.03 of the
Texas Code of Criminal Procedure. The initial relief Merritt requested became moot
when the trial court issued an amended order, accompanied by findings of fact and
conclusions of law, on September 11, 2003. The amended order denied Merritt’s
motion. Both Merritt and the State then filed supplemental briefs addressing
Merritt’s claim that the amended order violates his constitutional right to equal
protection of law. See Williams v. State, 937 S.W.2d 479, 484 (Tex. Crim. App.
1996).
 

Equal Protection
          Merritt contends that the amended order relies upon a version of Article 64.03
of the Texas Code of Criminal Procedure that is no longer the law and thus violated
his equal protection rights under the Fourteenth Amendment of the United States
Constitution.
          Effective September 1, 2003 – 10 days before the trial court’s amended order –
the Legislature amended Article 64.03(a)(2)(A) to require that a convicted person
establish “by a preponderance of the evidence that . . . the person would not have
been convicted if exculpatory results had been obtained through DNA testing . . .” 
Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2004).


 Before the
amendment, the law allowed for DNA testing upon a showing that “a reasonable
probability” existed that a person “would not have been prosecuted or convicted” had
DNA results been available. The enabling language for the amendment reads in part:
The change in law made by this Act applies only to a convicted person
who on or after the effective date of this Act submits a motion for
forensic DNA testing of evidence under Article 64.01, Code of Criminal
Procedure, as amended by this Act. A convicted person who submits a
motion under Article 64.01 before the effective date of this Act is
covered by the law in effect when the motion was submitted, and the
former law is continued in effect for that purpose.

           Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2004) (emphasis
added). Because Merritt filed his motion for post-conviction DNA testing before
September 1, 2003, the trial court applied the pre-amendment version of Article
64.03. Merritt contends that the amended version of Article 64.03(a)(2)(A) presents
a “less onerous burden of proof” and that the equal protection clause requires that the
amended version apply to his pre-effective date request.
          Before deciding any constitutional claim, however, we must first assure
ourselves that Merritt sustained an injury by the application of the amended version
of Article 60.03(a)(2)(A). See Meshell v. State, 739 S.W.2d 246, 250 (Tex. Crim.
App. 1987). Merritt has standing to challenge the constitutionality of Article
64.03(a)(2)(A) only if it adversely impacted his own rights. Santikos v. State, 836
S.W.2d 631, 633 (Tex. Crim. App. 1992). In this case, Merritt sustained no injury
under Article 64.03(a)(2)(A) because the trial court found that no DNA evidence
exists to test. Article 64.03(a)(1) requires that an applicant for DNA testing satisfy
the trial court that (a) testable biological evidence exists in a condition making
forensic DNA testing possible and has not been altered or tampered with in any
material respect, and (b) identity was or is an issue in the case. Id. at. 64.03(a)(1)(A)
& (B). See also Rivera v. State 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (referring
to Article 64.03(a)(1) and Article 64.03(a)(2) as two separate “requirements” and
applying different standards of review to each “requirement”). Merritt offered no
evidence to support his assertion that testable DNA exists. Purported DNA evidence
from unrelated hospital treatment not offered at trial meets neither requirement,
particularly when there is no showing that such evidence even exists.
          Moreover, the record supports the trial court’s finding that the HPD Property
Room, the HPD Crime Lab, and the Harris County District Clerk did not possess
evidence that could be tested for DNA. The trial court thus correctly determined that
Merritt failed to meet either of the requirements for testing imposed by Article
64.03(a)(1)(A). See Lopez v. State 114 S.W.3d 711, 717 (Tex. App.—Corpus Christi
2003, no pet.) (convicting court properly denied appellant’s motion for
post-conviction DNA testing because record supported finding that no evidence
containing biological material capable of DNA testing existed). 
Conclusion
          The amendments to the second section of Article 64.03 do not abrogate the
initial requirement under the first section that DNA evidence must exist and be in a
condition making testing possible. Merritt failed to demonstrate either. He therefore
has no standing to challenge the constitutionality of the effective date of the
amendments to the second half of Article 64.03.
          We affirm the trial court’s order denying authorization for DNA testing.
 
 
                                                             Jane Bland
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).