NUMBER 13-02-573-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






JACK MARION SMITH, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 105th District Court


of Nueces County, Texas.






MEMORANDUM OPINION



Before Justices Rodriguez, Castillo, and Baird (1)


Opinion by Justice Baird



 Petitioner was convicted of the offense of murder and sentenced to ninety-nine
years confinement in the Texas Department of Criminal Justice-Institutional Division. We
affirmed the judgment of the trial court. Smith v. State, 842 S.W.2d 367 (Tex.
App.-Corpus Christi 1992, pet. ref'd). Petitioner subsequently filed a motion for DNA
testing under chapter 64 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. § 64.03(a) (Vernon Supp. 2004). After hearing the argument of counsel, the
trial judge denied the motion, and petitioner appealed. We affirm.

I. Statutory Requirements and Standard of Appellate Review.


 To obtain DNA testing under chapter 64, several requirements must be met. Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); ); Lopez v. State, 114 S.W.3d 711, 715-16 (Tex. App.-Corpus Christi 2003, no pet.); see Tex. Code Crim. Proc. Ann. § 64.03(a)
(Vernon Supp. 2004). The requirements relevant to this case are: (1) "the evidence . . .
still exists and is in a condition making DNA testing possible;" and (2) "the convicted person
establishes by a preponderance of the evidence that . . . a reasonable probability exists
that the person would not have been prosecuted or convicted if exculpatory results had
been obtained through DNA testing." Tex. Code Crim. Proc. Ann. § 64.03(a). The
petitioner must provide facts in support of his motion. Dinkins v. State, 84 S.W.3d 639,
642 (Tex. Crim. App. 2002). To establish the "reasonable probability" requirement, the
movant must show "a reasonable probability exists that exculpatory DNA tests would prove
their innocence." Rivera, 89 S.W.3d at 59 (quoting Kutzner v. State, 75 S.W.3d 427, 439
(Tex. Crim. App. 2002)). A trial judge is not required to grant a convicted person's request
for testing absent this particular showing. Dinkins, 84 S.W.3d at 643.

 When reviewing the trial judge's decision, appellate courts employ the standard of
review articulated in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). We afford
almost total deference to a trial court's determination of issues of historical fact and
application of law-to-fact issues that turn on credibility and demeanor, while we review de
novo other application of law-to-fact issues. Rivera, 89 S.W.3d at 59; Lopez, 114 S.W.3d
at 716. Under this standard, whether the claimed DNA evidence exists and is in a
condition to be tested is reviewed with deference to the trial court's findings. Rivera, 89
S.W.3d at 59. Although there may be subsidiary fact issues that are reviewed
deferentially, the ultimate question of whether a reasonable probability exists that
exculpatory DNA tests would prove innocence is an application of law-to-fact question that
does not turn on credibility and demeanor and is reviewed de novo. Id.

II. Contentions.

 Petitioner raises two points of error contending the trial judge erred in denying the
motion for DNA testing. We will address these points in reverse order. The second point
of error contends the trial judge erred in finding that petitioner failed to prove, by a
preponderance of the evidence, that a reasonable probability existed that he would not
have been prosecuted or convicted if exculpatory results had been obtained through DNA
testing. 

 We reject this point for two reasons. First, petitioner offered no evidence at the
hearing on his motion, but instead offered only the argument of counsel. Therefore,
petitioner did not provide facts in support of his motion. Dinkins, 84 S.W.3d at 642. 
Second, even if we accepted the argument of counsel as evidence, that argument did not
establish a reasonable probability that petitioner would not have been prosecuted or
convicted if exculpatory results had been obtained through DNA testing. Defense counsel
argued "the particular facts of the case may raise some doubt about whether the
Defendant is, in fact, guilty of the offense if the DNA does come back as not matching the
Defendant" (emphasis added). However, the mere possibility that the DNA testing could
raise some doubt fails to establish a reasonable probability. Rivera, 89 S.W.3d at 59
(reasonable probability showing has not been made if exculpatory test results would
"merely muddy the waters"). More importantly, there is no showing that petitioner would
not have been prosecuted or convicted when we consider the inculpatory evidence from
petitioner's trial unrelated to and independent from the four exhibits which are the subject
of this appeal. See Smith, 842 S.W.2d at 368. Specifically, the State offered a portion of
appellant's confession wherein he admitted burglarizing the complainant's home and
assaulting her. See id. Additionally, the State offered evidence of appellant's fingerprints
on the window frame, and evidence from appellant's shorts consistent with breaking and
entering the complainant's residence through a broken window. Id. Consequently, we hold
the trial judge did not err in finding the evidence was insufficient to prove by a
preponderance that petitioner would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A). The second point of error is overruled.

 The first point of error deals with the requirement of article 64.02 that the State,
upon receiving the petitioner's motion for forensic DNA testing deliver the evidence to the
court, along with a description of the condition of the evidence. Tex. Code Crim. Proc.
Ann. art. 64.02(2)(A). In the instant case, the State submitted State's exhibits 34, 46, 48,
and 49 which were items admitted during the 1991 trial of this case. The trial judge asked
the State if these items were susceptible to DNA testing; the State did not know because
the State had not asked the DPS lab that question. The prosecutor stated that these four
exhibits were the only exhibits of the "more than 49 exhibits admitted into trial" that could
be used for DNA testing. At the conclusion of the hearing, the trial judge found "that it has
not been established that the remaining items of evidence are in a condition making DNA
testing possible." 

 Petitioner argues the trial judge erred in not requiring the State to provide a
description of the condition of the evidence. Our resolution of the second point of error
renders this point of error moot. Assuming arguendo that the trial judge erred, the trial
judge nevertheless correctly found the evidence, regardless of its condition, would not
render exculpatory evidence sufficient to establish petitioner would not have been
prosecuted or convicted of the instant offense. In other words, even if the evidence was
in a condition to be genetically tested, that testing would not have produced evidence
which would have prevented appellant's prosecution and conviction. Consequently, we
overrule the second point.

 The judgment of the trial court is affirmed.


 ________________________ 

 CHARLES BAIRD,

 Justice


Do not Publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 18th day of March, 2004. 
1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon Supp.
2004).