COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-493-CR
  
 
EDWARD 
ANDREW STUMM                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
two points, appellant Edward Andrew Stumm challenges the trial court’s denial 
of his postconviction motion for DNA testing. We affirm.
        Appellant’s 
motion requested DNA testing of “biological material . . . that was secured in 
relation to the offense of the challenged convictions and sentences” that 
appellant contended was in the State’s possession. Appellant did not identify 
any of the material that he wanted tested. See Tex. Code Crim. Proc. Ann. art. 64.01(a) 
(Vernon Supp. 2004-05) (providing that motion must be accompanied by affidavit 
of convicted person containing facts in support of motion). The trial court 
denied appellant’s motion based on the State’s affidavit, which is not 
included in the record, in which, according to the trial court’s order, the 
State averred that “there is no evidence in [its] possession . . . relating to 
[appellant’s] conviction . . . that contains biological material that could be 
subjected to forensic DNA testing.” See id. art. 64.03(a)(1)(A)(i).
        In 
his first point, appellant contends that the trial court’s denial of his 
motion denied him his due process rights under the United States and Texas 
Constitutions. His argument is based on his contention that the trial court 
erred by denying his request in accordance with article 64. Appellant admits 
that, as the movant, he “has the burden of establishing several statutory 
requirements.”
        Here, 
there is no evidence in the record to suggest that the State is in possession of 
any biological material related to this case that could be subjected to DNA 
testing, and appellant did not identify any such material in his motion. See 
Lopez v. State, 114 S.W.3d 711, 717 (Tex. App.—Corpus Christi 2003, no 
pet.); Bolden v. State, 112 S.W.3d 312, 313-14 (Tex. App.—Fort Worth 
2003, pet. ref’d). In addition, appellant failed to attach the required 
factual affidavit to his motion. See Tex. Code Crim. Proc. Ann. art. 
64.01(a). Thus, we hold that the trial court did not err by denying 
appellant’s motion for DNA testing. See Rivera v. State, 89 S.W.3d 55, 
59-60 (Tex. Crim. App. 2002); Guzman v. State, 955 S.W.2d 85, 89 (Tex. 
Crim. App. 1997). Because appellant did not carry his burden of showing that he 
was entitled to relief under the statute, we hold that the trial court did not 
violate appellant’s due process rights by denying his motion for DNA testing. 
We overrule appellant’s first point.
        In 
his second point, appellant claims that the trial court erred by failing to 
include in its order “the relevant article 64.03 determinations.” Appellant 
relies on the court of criminal appeals’s opinion in Skinner v. State. 
122 S.W.3d 808, 809-10 (Tex. Crim. App. 2003). In reciting the facts in Skinner, 
the court of criminal appeals noted that the trial court’s original order 
denying DNA testing did not set forth “determinations” under article 64.03, 
so the court remanded the case to the trial court to make the relevant 
determinations. Id. at 809.
        Here, 
the trial court’s order plainly states that appellant’s motion was denied 
because the trial court found that “there is no evidence in [its] possession . 
. . relating to [appellant’s] conviction . . . that contains biological 
material that could be subjected to forensic DNA testing.” This is a threshold 
requirement of article 64.03. Lopez, 114 S.W.3d at 717. Thus, we hold 
that the trial court did not fail to make any required determinations under the 
statute. We overrule appellant’s second point and affirm the trial court’s 
judgment.
   
                                                                  PER 
CURIAM
  
 
  
PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 29, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.