STUMM V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-493-CR

EDWARD ANDREW STUMM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two points, appellant Edward Andrew Stumm challenges the trial court’s denial of his postconviction motion for DNA testing.  We affirm.

Appellant’s motion requested DNA testing of “biological material . . . that was secured in relation to the offense of the challenged convictions and sentences” that appellant contended was in the State’s possession.  Appellant did not identify any of the material that he wanted tested.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 64.01(a) (Vernon Supp. 2004-05) (providing that motion must be accompanied by affidavit of convicted person containing facts in support of motion).  The trial court denied appellant’s motion based on the State’s affidavit, which is not included in the record, in which, according to the trial court’s order, the State averred that “there is no evidence in [its] possession . . . relating to [appellant’s] conviction . . . that contains biological material that could be subjected to forensic DNA testing.”  
See id
. art. 64.03(a)(1)(A)(i). 

In his first point, appellant contends that the trial court’s denial of his motion denied him his due process rights under the United States and Texas Constitutions.  His argument is based on his contention that the trial court erred by denying his request in accordance with article 64.  Appellant admits that, as the movant, he “has the burden of establishing several statutory requirements.”   Here, there is no evidence in the record to suggest that the State is in possession of any biological material related to this case that could be subjected to DNA testing, and appellant did not identify any such material in his motion.  
See Lopez v. State
, 114 S.W.3d 711, 717 (Tex. App.—Corpus Christi 2003, no pet.)
; Bolden v. State
, 112 S.W.3d 312, 313-14 (Tex. App.—Fort Worth 2003, pet. ref’d).  In addition, appellant failed to attach the required factual affidavit to his motion.  
See
 
Tex. Code Crim. Proc. Ann
. art. 64.01(a).  Thus, we hold that the trial court did not err by denying appellant’s motion for DNA testing.  
See Rivera v. State
, 89 S.W.3d 55, 59-60 (Tex. Crim. App. 2002); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Because appellant did not carry his burden of showing that he was entitled to relief under the statute, we hold that the trial court did not violate appellant’s due process rights by denying his motion for DNA testing.  We overrule appellant’s first point.

In his second point, appellant claims that the trial court erred by failing to include in its order “the relevant article 64.03 determinations.”  Appellant relies on the court of criminal appeals’s opinion in 
Skinner v. State
.  122 S.W.3d 808, 809-10 (Tex. Crim. App. 2003).  In reciting the facts in 
Skinner
, the court of criminal appeals noted that the trial court’s original order denying DNA testing did not set forth “determinations” under article 64.03, so the court remanded the case to the trial court to make the relevant determinations.  
Id
. at 809.  

Here, the trial court’s order plainly states that appellant’s motion was denied because the trial court found that “there is no evidence in [its] possession . . . relating to [appellant’s] conviction . . . that contains biological material that could be subjected to forensic DNA testing.”  This is a threshold requirement of article 64.03.  
Lopez
, 114 S.W.3d at 717.  Thus, we hold that the trial court did not fail to make any required determinations under the statute.  We overrule appellant’s second point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.