Opinion filed February 23, 2006















 
 
 The Court on this day, June 1, 2006, has withdrawn this opinion and
 judgment dated February 23, 2006, and substituted the opinion and judgment
 dated June 1, 2006.
 
 







 
 
  
 
 




Opinion filed February 23, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00254-CR 

                                                    __________

 

                          RANDAL FRANKLIN CARAWAY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland County, Texas

 

                                             Trial
Court Cause No. CR-95-19,072

 



 

                                                                   O
P I N I O N

This is an appeal from an order denying Randal
Franklin Caraway=s motion
for forensic  DNA testing.  We affirm.

In 1996, appellant was convicted of strangling the
victim.  Appellant raised self-defense at
trial, and his statement to law enforcement officers in which he stated that he
acted in self-defense was admitted into evidence.  On September 29, 2004, appellant filed a
motion requesting DNA testing pursuant to Tex.
Code Crim. Pro. Ann. art.
64.01 (Vernon
Supp. 2005).  Appellant also filed a
motion to exhume the victim=s
body.  After a hearing, the trial court
denied both motions.








On appeal, appellant contends that the trial court
erred by denying the motion for forensic testing and by failing to enter
specific findings to support its denial of the motion.  The gist of appellant=s
arguments both before the trial court and this court is that it was physically
impossible for him to have committed the murder because he had a deformed hand
and because he was not with the victim at the time of the offense and that DNA
testing of material underneath the victim=s
fingernails would show that his DNA was not present and would, therefore,
establish his innocence.

Tex. Code
Crim. Pro. Ann. art. 64.03 (Vernon Supp. 2005) provides that the trial
court may order forensic DNA testing only if the trial court finds that
evidence exists in a condition that makes DNA testing possible, that the
evidence has been subjected to a proper chain of custody, that identity was an
issue, that the convicted person has established by a preponderance of the
evidence that he would not have been convicted if exculpatory results had been
obtained through forensic DNA testing, and that the request for testing is not
made for the purposes of unreasonable delay in the administration of justice or
the execution of the sentence. Article 64.03 does not require that the trial
court enter written findings.  Any
arguments based on the contention that the trial court erred by not entering
written findings are overruled.

At the hearing on appellant=s
motion for DNA testing, the trial court sustained the State=s objections to the admission of
testimony concerning any physical impairment that appellant might have had at
the time of the offense and testimony concerning his whereabouts at the time of
the offense.  As noted by the State in
its brief, the trial court properly excluded this testimony as improper in a
hearing on a motion under Article 64.01. 
Any contentions based on this evidence are not properly before this
court in this appeal from the denial of the motion for DNA testing and are
overruled.  Tex. Code Crim. Pro. Ann. art. 64.05 (Vernon
Supp. 2005); Lopez v. State, 114 S.W.3d 711, 714 (Tex. App.CCorpus
Christi  2003, no pet.).








Appellant testified that he did not know how the
victim=s body
had been disposed of, that there had been no testimony at trial that the victim
was embalmed, and that he believed the victim=s
body had been in the possession of law enforcement officials since its
discovery.  Based on the medical examiner=s testimony at trial that a strangled
victim should have DNA of her attacker under her fingernails, appellant
testified that he believed DNA testing would show another person=s DNA under the victim=s fingernails establishing that he did
not strangle the victim.  Appellant
denied that, seven days after the victim=s
death, he had taken law enforcement officers to the open trash pit where her
body was discovered and denied that the written statement admitted at trial
reflected what he told law enforcement officers.

Kenneth Preston, an investigator with the district
attorney=s office,
testified that appellant led him and other law enforcement officers to the
rural location where the victim=s
body was found. Preston testified that the
information by which they were able to locate the body came only from
appellant.  Two days after the body was
discovered, appellant made a statement to Preston
that he had strangled the victim in self-defense.  This statement was introduced into evidence
both at the hearing and at the trial on the merits.  Photographs of the trash pit and the victim=s decomposing body were also admitted
into evidence.

At the conclusion of the hearing, the trial court
stated:

All right. 
I will deny the motion for exhumation of the body of the victim, there
being no showing that forensic evidence exists, or if the same did exist that
it was somehow unavailable at the time of trial.  It is not found to have been shown by the
evidence in this hearing.  The
preconditions of Chapter 64 [Articles 64.01, 64.03] have not been met and the
motion for DNA testing is denied.  There
is a proposed order submitted by Mr. Caraway, and I will amend that proposed
order and use that form for the record, and order that the defendant be
returned to the custody of the Institutional division of the Department of
Criminal Justice this date.

 

The trial court then amended the proposed order to reflect that the
motion for DNA testing was denied.

In reviewing the trial court=s ruling on a motion for DNA testing,
the appellate court employs the bifurcated Guzman[1]
standard of review.  Rivera v. State,
89 S.W.3d 55 (Tex.
Crim. App. 2002). Using this standard, we find that the trial court did not err
in denying the motion.  Appellant did not
establish that any evidence existed in a condition to be tested and did not
show a reasonable probability existed that exculpatory DNA test results would
prove his innocence.  Skinner v.
State, 122 S.W.3d 808, 811 (Tex. Crim.
App. 2003); Kutzner v. State, 75 S.W.3d 427, 438-39 (Tex. Crim. App. 2002).  The trial court sufficiently complied with
the requirements of Article 64.03. 
Appellant=s
arguments on appeal are overruled.








The order of the trial court is affirmed.

 

PER CURIAM

 

February
23, 2006       

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).