NO. 07-09-0121-CR
NO. 07-09-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 23, 2010

_____

SHANNON LEE ABEYTA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 41,915-C; 43,143-C; HONORABLE ANA ESTEVEZ, PRESIDING

_____

***Memorandum Opinion***

_____

Before  QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Shannon Lee Abeyta appeals *pro se* from an order denying his motion for post-conviction forensic DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure.[1]  He pled guilty based on a plea bargain to two charges of aggravated sexual assault in 2003 and filed a motion in 2009 for DNA testing of evidence containing "biological material."  The State responded that it "never obtained from the child victim

_____

[1]Appellant also complains that the trial court erred in failing to appoint counsel for him.  However, we previously abated this appeal for the appointment of counsel.

any evidence which contained biological material."[2]  The State also alleged that identity was not an issue in the case and that appellant attached an unsworn affidavit to his motion.  The trial court denied appellant's motion without stating the basis for its ruling.

A trial court may order forensic DNA testing only if it finds, among other things, that such evidence still exists and that identity was or is an issue in the case.  TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i) & (B) (Vernon Supp. 2009); *see also Bell v. State,* 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (stating that the trial court must order testing only if the statutory preconditions are met).  In our review of the trial court's ruling, we afford almost total deference to the trial court's determination of issues of historical fact and application of law-to-fact questions that turn on credibility and demeanor and review other issues *de novo.  Rivera v. State,* 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  As such, we defer to the trial court's finding whether the claimed DNA evidence exists.  *Caddie v. State,* 176 S.W.3d 286, 289 (Tex. App.–Houston [1st Dist.]  2004, pet. ref'd).  Furthermore, the trial court may make its determination based upon the State's response to the motion, *id.* at 289; *Mearis v. State,* 120 S.W.3d 20, 24 (Tex. App.–San Antonio 2003, pet. ref'd), which response need not be accompanied by affidavits.  *Whitaker v. State*, 160 S.W.3d 5, 8-9 (Tex. Crim. App. 2004); *Cravin v. State*, 95 S.W.3d 506, 509 (Tex. App. –Houston [1st Dist.] 2002,  pet ref'd).

A court may order testing only of evidence that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the State during the trial.  TEX. CODE CRIM. PROC. ANN. art. 64.01(b) (Vernon Supp. 2009).

---

[2]The State is required to either deliver the evidence to the court along with a description of the condition of the evidence or explain in writing why the evidence cannot be delivered.  TEX. CODE CRIM. PROC. ANN. art. 64.02(a)(2) (Vernon Supp. 2009).

Appellant's motion seeks testing of "any and all evidence containing biological material that was secured." He fails to identify what specific evidence he seeks to have tested or whether such evidence even exists. *See Atkins v. State,* 262 S.W.3d 413, 417 (Tex. App.–Houston [14th Dist.] 2008, pet. ref'd) (noting that the record contained no indication that such evidence was taken from the crime scene or from appellant or the victim); *James v. State,* 196 S.W.3d 847, 850 (Tex. App.–Texarkana 2006, no pet.) (finding the motion defective when there was no suggestion in it that any biological material actually exists).

In response, the State has alleged that it never obtained any evidence upon which DNA testing could be conducted. It further went on to explain that the sexual assault nurse examiner did not perform any laboratory tests to obtain biological material due to the length of time between the assaults and the examination and the fact the child gave no indication that appellant had ejaculated into her mouth or sexual organ. Given the vagueness of appellant's motion and the response of the State, the record does not establish the existence of any evidence subject to testing. *See Lopez v. State,* 114 S.W.3d 711, 716-17 (Tex. App.–Corpus Christi 2003, no pet.). That being so, the trial court did not err in denying the motion. *Id.* at 717 (finding no error given the State's response that there was no evidence available to test).[3]

Accordingly, the order of the trial court is affirmed.


Per Curiam

---

[3]We do not address whether appellant's judicial admission to the commission of the underlying offenses negated any potential for his identity being in dispute.