NO. 07-11-00146-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
3, 2011

 



 

LUIS ANGUEL RICO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF
HALE COUNTY;

 

NO. A18507-1008; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant,
Luis Anguel Rico, filed a notice of appeal from his conviction for evading
arrest or detention with a motor vehicle, and sentence of 10 years’
incarceration and $1,500 fine.  The
appellate court clerk received and filed the trial court clerk=s record on June 8, 2011.  The official court reporter filed the
reporter’s record with the Clerk of this Court on June 9.  Consequently, appellant’s brief was due to be
filed on or before July 11.  On July 18,
this Court sent appellant notice that his brief was past due.  In that letter, this Court informed appellant
that, if he failed to file his brief by July 28, the appeal will be abated and
the cause remanded to the trial court without further notice.  To date, appellant has not filed his brief
nor responded to our July 18 correspondence.

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon
remand, the judge of the trial court is directed to immediately cause notice to
be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this
appeal, whether appellant is indigent and whether appellant desires that
counsel be appointed to represent him on the appeal; and (3) what orders, if
any, should be entered to assure the filing of appropriate notices and
documentation to dismiss appellant=s appeal if appellant does not desire to prosecute this
appeal or, if appellant desires to prosecute this appeal, to assure that the
appeal will be diligently pursued.  If
the trial court appoints counsel for appellant or if appellant retains counsel,
the court should cause the Clerk of this Court to be furnished the name,
address, and State Bar of Texas identification number of the newly-appointed or
newly-retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence of a request for extension of
time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional proceeding records, including
any orders, findings, conclusions, and recommendations, are to be sent so as to
be received by the Clerk of this Court not later than August 31, 2011.            

 

Per
Curiam

Do not publish.

 








 






S.W.3d 506, 509
(Tex. App. –Houston [1st Dist.] 2002,  pet ref’d).           

            A court may order testing only of
evidence that was secured in relation to the offense that is the basis of the
challenged conviction and was in the possession of the State during the
trial.  Tex.
Code Crim. Proc. Ann. art.
64.01(b) (Vernon Supp. 2009).  Appellant’s motion seeks testing of “any and
all evidence containing biological material that was secured.”  He fails to identify what specific evidence
he seeks to have tested or whether such evidence even exists.  See Atkins
v. State, 262 S.W.3d 413, 417 (Tex. App.–Houston [14th Dist.]
2008, pet. ref’d) (noting that the record contained no indication that such
evidence was taken from the crime scene or from appellant or the victim); James v. State, 196 S.W.3d 847, 850
(Tex. App.–Texarkana 2006, no pet.) (finding the
motion defective when there was no suggestion in it that any biological
material actually exists).  

In response, the State has alleged that it never obtained any
evidence upon which DNA testing could be conducted.  It further went on to explain that the sexual
assault nurse examiner did not perform any laboratory tests to obtain
biological material due to the length of time between the assaults and the
examination and the fact the child gave no indication that appellant had
ejaculated into her mouth or sexual organ. Given the vagueness of appellant’s
motion and the response of the State, the record does not establish the
existence of any evidence subject to testing. See Lopez v. State, 114 S.W.3d 711, 716-17 (Tex. App.–Corpus Christi 2003, no
pet.).  That being so,
the trial court did not err in denying the motion.  Id. at 717 (finding no error given the State’s response that there
was no evidence available to test).[3]

            Accordingly, the order of the trial
court is affirmed.

 

                                                                                    Per
Curiam

 











[1]Appellant
also complains that the trial court erred in failing to appoint counsel for
him.  However, we previously abated this
appeal for the appointment of counsel.  





[2]The
State is required to either deliver the evidence to the court along with a
description of the condition of the evidence or explain in writing why the
evidence cannot be delivered.  Tex. Code  Crim. Proc. Ann. art. 64.02(a)(2) (Vernon Supp. 2009). 






[3]We
do not address whether appellant’s judicial admission to the commission of the
underlying offenses negated any potential for his identity being in
dispute.