COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


|  |  |  |
|---|---|---|
| CHRISTOPER DAVID RYAN, | § | No. 08-14-00167-CR |
| Appellant, | § | Appeal from the |
| v. | § | 112th District Court |
| THE STATE OF TEXAS, | § | of Upton County, Texas |
| Appellee. | § | (TC# 05-05-U790-DPO) |
|  | § |  |

## MEMORANDUM OPINION

After having his conviction for possession of a controlled substance affirmed on appeal before this Court,[1] Christopher Ryan filed a post-conviction motion for DNA testing of a jar seized from the trailer of his semi-truck in which police found "meth oil." The trial court denied his request, finding that the jar had been lost or destroyed and thus could no longer be subject to DNA testing. Ryan appealed. We affirm.

## FRIVOLOUS APPEAL

Ryan's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct.

---

[1] *Ryan v. State*, No. 08-06-00016-CR, 2007 WL 2457582 (Tex.App.--El Paso Aug. 30, 2007, pet. ref'd)(not designated for publication).

2094, 18 L.Ed.2d 1377 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [panel op.] 1978)(adopting the Anders procedure); *see also Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex.Crim.App. 1991). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel was thus permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*.

In this case, Ryan's appellate counsel has concluded that after a thorough review of the record, Ryan's appeal is without merit. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. In accordance with *Anders*, Appellant's court-appointed counsel has asked for permission to withdraw. *See Anders*, 386 U .S. at 744, 87 S.Ct. at 1400. In his motion and brief, counsel avers he has provided Appellant with copies of the brief and the motion, and has informed him of his right to review the record and file his own brief. The motion to withdraw is granted by separate order issued this same date.[2]

Ryan has filed his own *pro se* brief, contending that the destruction or loss of the jar, which potentially contained fingerprint or DNA evidence, violated his due process rights by preventing him from proving his actual innocence. Where an appellant files a *pro se* brief after his attorney files an *Anders* brief, the Court of Appeals has two options: it may (1) "determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no

---

[2] The record is unclear as to whether counsel also admonished Ryan that, in the event of an adverse decision from this Court, Ryan has the ability to file a petition of review with the Texas Court of Criminal Appeals. Appointed counsel is reminded that he still has a duty to inform Ryan of the result of this appeal and that he may, *pro se*, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997).

2

reversible error[,]" or (2) remand for appointment of new counsel to brief arguable grounds for appeal that the Court finds exist. *Moreno v. State*, No. 08-12-00028-CR, 2014 WL 1274134, at *1 (Tex.App.--El Paso Mar. 28, 2014, no pet.)(mem. op., not designated for publication). Here, in our independent review of the record, we agree with Ryan's counsel that any further appellate proceedings would be wholly frivolous and meritless, particularly in light of the highly-limited scope of a post-conviction DNA testing proceeding under TEX.CODE CRIM.PROC.ANN. art. 64.01-.04 (West Supp. 2014). *Cf. Lopez v. State*, 114 S.W.3d 711, 714 (Tex.App.--Corpus Christi 2003, no pet.)(distinguishing jurisdictional scope of Article 64 proceedings with general post-conviction habeas corpus proceedings and noting that claims that are not a direct attack on the DNA testing order must be raised in habeas); *see also In re Morton*, 326 S.W.3d 634, 647 (Tex.App.--Austin 2010, no pet.)(fingerprint evidence does not fall within Article 64's ambit).

We have carefully reviewed the record and briefs in this case and find nothing in the record that could arguably support an appeal. Further discussion of Appellant's *pro se* points would add nothing to the jurisprudence of the State. The judgment of the trial court is affirmed.


August 12, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

3