

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00217-CR

WAYNE EAST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 104th District Court
Taylor County, Texas[1]
Trial Court No. 7099-B, Honorable Lee Hamilton, Presiding

May 3, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Wayne East, was convicted by a jury of capital murder and sentenced to death in 1982.  After the United States Court of Appeals for the Fifth Circuit vacated his death sentence, appellant admitted his guilt and the trial court imposed a life

---

[1] This case was transferred to this Court from the Eleventh Court of Appeals by order of the Supreme Court.  See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

sentence.[2]  In 2016, appellant filed a pro se motion for post-conviction forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.  The trial court denied the motion, and appellant filed this appeal.  We dismiss in part for want of jurisdiction and affirm in part.

In his first issue, appellant argues that the trial court erred in denying his motion for post-conviction DNA testing.  In his second issue, he asserts a "miscarriage of justice deliberate egregious prosecution misconduct," in which he alleges that the prosecution suppressed exculpatory evidence, denying him the opportunity to prove his actual innocence.  He requests that his sentence be vacated.

Jurisdiction

We are obligated to consider our jurisdiction of a case on appeal, even when neither party raises the issue.  *Hosea v. Whittenburg*, 311 S.W.3d 704, 704 (Tex. App.—Amarillo 2010, pet. denied).  If our jurisdiction is not properly invoked, "we have no power to dispose of the purported appeal in any manner other than dismissal for want of jurisdiction."  *Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.).  Pursuant to article 64.05 of the Texas Code of Criminal Procedure, the trial court's findings on a motion for post-conviction DNA testing made under article 64.03 are appealable to a court of appeals.  TEX. CODE CRIM. PROC. ANN. art. 64.05 (West 2018); *see id.* art. 64.03 (West 2018) (identifying the requirements and process for post-conviction DNA testing).  Therefore, we have statutory jurisdiction over appellant's

---

[2] A more detailed factual and procedural history of this matter is set forth in *East v. Johnson*, 123 F.3d 235 (5th Cir. 1997) and *East v. State*, No. 07-17-00217-CR, 2018 Tex. App. LEXIS 2627 (Tex. App.—Amarillo Apr. 12, 2018, order) (per curiam) (not designated for publication).

2

complaint that the trial court erred in denying his motion for post-conviction DNA testing. However, appellant has not cited, and we have not found, any authority indicating that this Court has jurisdiction to consider his second issue and the requested relief. Chapter 64 of the Texas Code of Criminal Procedure does not confer jurisdiction over issues other than an appeal of a trial court's findings pursuant to its provisions. *Lopez*, 114 S.W.3d at 714. Thus, we do not have jurisdiction over appellant's claim asserting non-disclosure of exculpatory evidence. *Id.* Accordingly, we dismiss that issue for want of jurisdiction and review only his challenge to the denial of his motion for post-conviction DNA testing.

## DNA Testing

When reviewing the trial court's denial of a request for post-conviction DNA testing, we employ the bifurcated standard of review articulated in *Guzman*. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). We afford almost total deference to a trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, and we review other application-of-law-to-fact issues de novo. *Id.* Where, as here, the trial court did not hold a hearing on the motion for DNA testing, we review the court's denial of that motion de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005) (explaining that, since trial court did not hold live hearing on request for DNA testing, trial court was in no better position than reviewing court to determine issues).

Chapter 64 of the Texas Code of Criminal Procedure governs motions for forensic DNA testing. To obtain post-conviction DNA testing, a convicted person must establish all of Chapter 64's requirements. *Swearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim.

3

App. 2010) (noting Chapter 64 "requires multiple threshold criteria to be met before a convicted person is entitled to DNA testing."). As is relevant to this case, those requirements include establishing, as a threshold matter, that the evidence still exists and is in a condition making DNA testing possible. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 64.03(a).

Appellant seeks DNA testing of hair that he contends was discovered in the victim's hands. Appellant asserts that a pathologist by the name of Dr. Cox examined the victim and testified that he discovered "white Caucasian hair" in her hands.[3] Appellant further asserts that a Detective Frymire was contacted by the pathologist to witness his discovery of this hair inside the victim's hand.

In response to appellant's motion, the State contends that there is no such evidence to test. According to the State, hair was not collected from the victim's hand and the State did not at any time possess the hair described and requested by appellant. The State asserts that it reached this conclusion following an examination of the case materials:

> After a thorough investigation of this case file, the trial transcript and conferring with the Dallas County Institute of Forensic Sciences Criminal Investigation Laboratory, it is the opinion of the State of Texas that the alleged evidence described in movant[']s motion for forensic DNA testing does not exist. Additionally, given the facts and evidence as heretofore described, it appears that such alleged evidence was never within the possession of the Abilene Police Department.

To further support its position, the State points to (1) trial testimony from the pathologist in the case, Dr. Williams, who testified that he observed clotted blood with some hair in the victim's hand but that "the color of it, and all, just didn't seem to matter"; (2) trial

---

[3] Appellant states that "all three arrested indicted suspects are African American."

testimony from Detective Frymire stating he did not observe hair in the victim's hand and did not receive any hair from the pathologist; and (3) the evidence submission statement from the Criminal Investigation Laboratory in Dallas identifying the evidence it had received for testing, to-wit: scrapings, fabric, boots, a knife, and hair samples taken from three individuals and a bed sheet.

In its order denying appellant's motion, the trial court found that (1) the evidence sought to be tested by appellant does not exist, and (2) the evidence was never in the possession of the Abilene Police Department or the State of Texas.

We conclude that the response filed by the State was sufficient to allow the trial court to determine that the evidence sought to be tested does not exists in this case. *See Lopez*, 114 S.W.3d at 717 (where record did not establish that evidence capable of forensic testing exists, motion for post-conviction DNA testing was properly denied); *Cravin v. State*, 95 S.W.3d 506, 511 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (trial court could reach decision on whether evidence exists based on state's written explanation). We overrule appellant's first issue.

## Conclusion

We affirm the trial court's order denying appellant's motion for post-conviction DNA testing. We dismiss for want of jurisdiction appellant's remaining claim.


Judy C. Parker
Justice


Do not publish.

5