**Robert Lee BOLDEN, Appellant,**

v.

**The STATE of Texas, STATE.**

**No. 2–03–035–CR.**

Court of Appeals of Texas,
Fort Worth.

July 31, 2003.

Robert Ford, Fort Worth, for Appellant.

Tim Curry, Crim. D.A., Charles M. Mallin, Asst. Crim. D.A. and Chief of Appellate Division, Steven W. Conder, Kelly Loftus, Asst. Crim. D.A.'s, Fort Worth, for Appellee.

Panel F: CAYCE, C.J., GARDNER and WALKER, JJ.

**OPINION**

SUE WALKER, Justice.

**I. INTRODUCTION**

In a single point, Bolden challenges the trial court's denial of his motion for forensic DNA testing pursuant to article 64 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2003). We will affirm.

**II. BACKGROUND FACTS**

Bolden was convicted by a jury of aggravated robbery with a deadly weapon in

May 2000. In June 2002, Bolden filed a motion pursuant to article 64.01 of the Texas Code of Criminal Procedure seeking DNA testing of evidence containing biological material. *See id.* The trial court appointed counsel to assist Bolden in obtaining the order.

In January 2003, the State filed its response to Bolden's motion for DNA testing and attached an excerpt from the reporter's record of Bolden's trial. The excerpt contained the testimony of the employee working at the Chevron station Bolden robbed. The employee's testimony showed that, during the robbery, Bolden pointed a gun at the store employee, demanded money from the cash register, and exited the store without leaving any kind of DNA behind. The trial court denied Bolden's motion for DNA testing because the record did not indicate that Bolden left any DNA evidence behind; thus, no genetic material was available for testing.

### III. ARTICLE 64 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

Article 64.01(a) provides that a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. *Id.* art. 64.01(a). Article 64.02 states that, on receipt of the motion, the convicting court shall require the attorney representing the State to:

(A) deliver the evidence to the court, along with a description of the condition of the evidence; or

(B) explain in writing to the court why the state cannot deliver the evidence to the court.

*Id.* art. 64.02(2)(A), (B).

Article 64.03(a)(2)(A) provides that the convicted person must establish by a preponderance of the evidence that there is a reasonable probability that the person would not have been prosecuted or convict-

ed if exculpatory results had been obtained through DNA testing. *Id.* art. 64.03(a)(2)(A). The Texas Court of Criminal Appeals recently noted:

Article 64.03(a)(2)(A) directs a convicting court to order DNA testing of evidence containing biological material only if a convicted person establishes by a preponderance of the evidence that there is a reasonable probability that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. A trial court is never required to grant a convicted person's request for testing absent such a showing.

*Dinkins v. State,* 84 S.W.3d 639, 643 (Tex. Crim.App.2002).

### IV. BOLDEN'S MOTION WAS PROPERLY DENIED

The State had no DNA evidence to deliver to the court pursuant to article 64.02(A). Consequently, the State proceeded to meet its burden under article 64.02(B) of explaining why it could not deliver DNA evidence to the court. By providing the excerpt from the reporter's record, the State explained that Bolden's offense did not involve DNA evidence, that no DNA was left behind at the crime scene, and that there was no DNA to test. TEX.CODE CRIM. PROC. ANN. art. 64.02(2)(B). Bolden, however, has failed to establish that a reasonable probability exists that DNA testing would prove his innocence. *See id.* art. 64.03(a)(2)(A); *Dinkins,* 84 S.W.3d at 643. In fact, his burden is impossible to meet considering the total lack of DNA evidence at the Chevron station.

The State met its burden. *See* TEX.CODE CRIM. PROC. ANN. art. 64.02(2)(B). Bolden did not meet his burden. *See id.* art. 64.03(a)(2)(A); *Dinkins,* 84 S.W.3d at 643. Thus, the trial court did not err by deny-

ing Bolden's motion for forensic DNA testing pursuant to article 64 of the Texas Code of Criminal Procedure. *See Shannon v. State,* —— S.W.3d ——, ——, No. 74,317, slip op. at 4–5, 2003 WL 21398476, at *2 (Tex.Crim.App. June 18, 2003) (holding State met its burden of showing no DNA evidence existed, appellant offered no evidence to the contrary, so the trial court could reasonably have concluded that no physical evidence pertaining to the offense presently exists). Accordingly, we overrule Bolden's sole point. *See Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App. 2002); *Kutzner v. State,* 75 S.W.3d 427, 439 (Tex.Crim.App.2002).

## V. CONCLUSION

Having overruled Bolden's sole point, we affirm the trial court's judgment.