COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-041-CR

 

 

JAMES PAUL WHITE                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

                                                    

                           MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant James Paul White
appeals the trial court=s denial of
his motion for DNA testing.  In two
issues, he complains that the trial court erred: 1) by finding no evidence
existed to suggest a reasonable probability that appellant would be exonerated
by DNA testing, and 2) by concluding, as a matter of law, that appellant would
be unable to prove by a preponderance of the evidence a reasonable probability
existed that appellant would not have been convicted if the DNA results were
available.  We affirm.

Appellant picked up
complainant in Arlington, Texas, at 1:45 a.m. on June 24, 1995.  While complainant was waiting in the car,
appellant pulled over to use the restroom. 
Complainant testified that after appellant used the restroom, he
demanded that the complainant perform oral sex on him.  When she refused and attempted to get away,
she testified that appellant threatened to cut her with a double-edged knife.  After a struggle, complainant testified that
appellant forced her to perform oral sex on him for ten to fifteen minutes but
that appellant did not ejaculate.  She
further testified that appellant used the knife to cut her pants and underwear
off, inserted his fingers into her vagina, then put his fingers in her mouth.  Complainant said that when appellant
threatened to engage in sexual intercourse with her, she began to scream and
wet her pants.  Appellant then kicked
complainant, told her to leave, and threatened to kill her if she did not run.

At the police station,
complainant reported appellant=s license plate number to an officer and gave a description of her
attacker and his car.  She then underwent
a rape examination.  Swabs were taken
from her mouth, but no semen was detected. 








In January of 1998, appellant
was convicted by a jury of two counts of aggravated sexual assault with a
deadly weapon and one count of aggravated sexual assault by threats and placing
in fear.  The jury assessed punishment at
three terms of thirty years= confinement in prison. 
Appellant appealed his conviction, and the Amarillo Court of Appeals
affirmed.[2]

On March 6, 2002, appellant
filed a motion for writ of habeas corpus and a motion for DNA testing.  The trial court denied appellant=s motion for DNA testing and adopted the State=s findings of fact and conclusions of law on January 3, 2005. 

In reviewing a trial court=s decision on a motion for DNA testing, we employ a bifurcated
standard of review.[3]  We defer to the trial court=s determination of issues of historical fact and issues that turn on
credibility and demeanor, while we review de novo whether the trial court was
required to grant a motion for DNA testing under Chapter 64 of the Texas Code
of Criminal Procedure.[4]









In his first issue, appellant
argues that the trial court erred by finding that there is no evidence to show a
reasonable probability that he would be exonerated by DNA testing of the swabs
taken from complainant=s mouth.[5]
Appellant asserts that the swabs could possibly contain epithelial cells of the
assailant, which could exonerate appellant. 
In his second issue, appellant contends that the trial court erred by
concluding, as a matter of law, that appellant could not prove by a
preponderance of the evidence that there is a reasonable probability that he
could have been exonerated if the DNA results were available.








Under article 64.03(a), the
trial court was required to grant appellant=s motion for DNA testing only if the court found, among other things,
that (1) evidence still existed and was in a condition making DNA testing
possible, and (2) appellant established by a preponderance of the evidence that
there is a reasonable probability that appellant would not have been prosecuted
or convicted if exculpatory results had been obtained through DNA testing.[6]  The Texas Court of Criminal Appeals has
recently held: 

Article 64.03(a)(2)(A)
directs a convicting court to order DNA testing of evidence containing biological
material only if a convicted person establishes by a preponderance of the
evidence that there is a reasonable probability that the person would not have
been prosecuted or convicted if exculpatory results had been obtained through
DNA testing.  A trial court is never
required to grant a convicted person=s request for testing absent such a showing.[7]

In this case, appellant has
failed to establish that there is a reasonable probability that he would not
have been convicted if exculpatory results had been obtained through the DNA
testing he is seeking because there is substantial evidence of appellant=s guilt aside from any DNA evidence. 
That evidence is as follows:








$                  
Complainant picked appellant out of a photo
lineup as the person who sexually assaulted her. 

 

$                  
Complainant recognized the box cutter in
appellant=s
possession as looking the same as the box cutter the person who sexually
assaulted her used.

 

$                  
Appellant admitted he picked up a lady hitchhiker
on the day complainant was picked up and assaulted.  

 

$                  
Before the photo lineup, complainant described
her attacker to the police as six feet tall and around two hundred pounds; an
officer testified at trial that appellant=s description of her attacker
matched appellant and that appellant=s driver=s
license lists him as five feet, eleven inches tall, and weighing two hundred
thirty-five pounds. 

 

$                  
Complainant described her attacker=s car
as a red Bronco-type truck and reported the license plate number; the license
plate that she reported was registered to appellant for his rust colored
Chevrolet Blazer.

 

$                  
Appellant admitted that, while the hitchhiker was
in his car, he stopped to use the restroom; complainant testified that her
attacker stopped to urinate while she was in the vehicle.

 

$                  
Microscopic tests were done on appellant=s box
cutter and complainant=s
pants, which determined that the box cutter contained fibers that were similar
in all microscopic specs to complainant=s pants, and that both
appellant=s box
cutter and complainant=s
pants contained Amicroscopically
similar@
thick metal fragments.

 








Given the substantial
evidence in the record supporting appellant=s guilt, we hold that appellant has failed to meet his burden to prove
a reasonable probability that he would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing.[8]  Although appellant argues that DNA testing of
the swabs of complainant=s mouth may
provide evidence of another male=s DNA in complainant=s mouth, mere presence of a third party=s DNA at a crime scene does not establish a reasonable probability of
appellant's innocence when it does not explain away all of the other evidence
pointing to appellant=s guilt.[9]  Therefore, we hold that the trial court did
not err by denying appellant=s motion for DNA testing under article 64.03(a) and we overrule
appellant=s
issues.  

Accordingly, we affirm the
trial court=s judgment. 

 

PER CURIAM

 

PANEL
A:   CAYCE, C.J.; HOLMAN and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 12, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]White
v. State, 999 S.W.2d 895, 903 (Tex. App.CAmarillo
1999, pet. ref=d).





[3]Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).





[4]Whitaker
v. State, 160 S.W.3d 5, 8 (Tex. Crim. App.), cert.
denied; 125 S. Ct. 194 (2004); Rivera, 89 S.W.3d at 55.





[5]These
swabs are still available and in control of the State. 





[6]Tex. Code Crim. Proc. Ann. art.
64.03(a) (Vernon 2001).  Chapter 64 now
requires that a convicted person establish Aby a preponderance of the
evidence that: (A) the person would not have been convicted if exculpatory
results had been obtained through DNA testing.@ Id.
64.03(a)(2)(A) (Vernon Supp. 2005).  The
2001 version applies, however, because appellant filed his motion on March 6,
2002, prior to the effective date of the amendment. 





[7]Dinkins
v. State, 84 S.W.3d 639, 643 (Tex. Crim. App. 2002)
(citing Tex. Code Crim. Proc. Ann.
art. 64.03(a)); Bolden v. State, 112 S.W.3d 312, 313 (Tex. App.CFort
Worth 2003, pet. ref=d); see
also Skinner v. State, 122 S.W.3d 808, 812 (Tex. Crim. App. 2003) (holding
that ample evidence existed in the record that defeated the claim that a
reasonable probability existed that defendant would not have been prosecuted or
convicted if the DNA results were exculpatory, the trial court was correct in
denying defendant=s
motion for DNA testing).  





[8]Skinner, 122
S.W.3d at 812.





[9]See
id. (affirming trial court=s denial of appellant=s
request for post conviction fingerprint comparison because even if evidence
revealed presence of third party at crime scene, that evidence still would not
establish a reasonable probability of appellant=s
innocence in light of all other inculpatory evidence); Kutzner v. State,
75 S.W.3d 427, 439 n.27 (Tex. Crim. App. 2002) (interpreting language and
legislative history of article 64.03(a)(2)(A) and concluding that where Aat
most, exculpatory DNA tests on this evidence would >merely
muddy the waters,=@
appellant failed to establish the article 64.03(a) requirements), superceded
by statute,  Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon 2003),
as recognized in Smith v. State, 165 S.W.3d 361, 363 (Tex. Crim. App.
2005).