WHITE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-041-CR

JAMES PAUL WHITE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Paul White appeals the trial court’s denial of his motion for DNA testing.  In two issues, he complains that the trial court erred: 1) by finding no evidence existed to suggest a reasonable probability that appellant would be exonerated by DNA testing, and 2) by concluding, as a matter of law, that appellant would be unable to prove by a preponderance of the evidence a reasonable probability existed that appellant would not have been convicted if the DNA results were available.  We affirm.

Appellant picked up complainant in Arlington, Texas, at 1:45 a.m. on June 24, 1995.  While complainant was waiting in the car, appellant pulled over to use the restroom
.  Complainant testified that after appellant used the restroom, he demanded that the complainant perform oral sex on him.  When she refused and attempted to get away, she testified that appellant threatened to cut her with a double-edged knife.  After a struggle, complainant testified that appellant forced her to perform oral sex on him for ten to fifteen minutes but that appellant did not ejaculate.  She further testified that appellant used the knife to cut her pants and underwear off, inserted his fingers into her vagina, then put his fingers in her mouth.  Complainant said that when appellant threatened to engage in sexual intercourse with her, she began to scream and wet her pants.  Appellant then kicked complainant, told her to leave, and threatened to kill her if she did not run.

At the police station, complainant reported appellant’s license plate number to an officer and gave a description of her attacker and his car.  She then underwent a rape examination.  Swabs were taken from her mouth, but no semen was detected. 

In January of 1998, appellant was convicted by a jury of two counts of aggravated sexual assault with a deadly weapon and one count of aggravated sexual assault by threats and placing in fear.  The jury assessed punishment at three terms of thirty years’ confinement in prison.  Appellant appealed his conviction, and the Amarillo Court of Appeals affirmed.
(footnote: 2)
 On March 6, 2002, appellant filed a motion for writ of habeas corpus and a motion for DNA testing.  The trial court denied appellant’s motion for DNA testing and adopted the State’s findings of fact and conclusions of law on January 3, 2005. 

In reviewing a trial court’s decision on a motion for DNA testing, we employ a bifurcated standard of review.
(footnote: 3)  We defer to the trial court’s determination of issues of historical fact and issues that turn on credibility and demeanor, while we review de novo whether the trial court was required to grant a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.
(footnote: 4) 

In his first issue, appellant argues that the trial court erred by finding that there is no evidence to show a reasonable probability that he would be exonerated by DNA testing of the swabs taken from complainant’s mouth.
(footnote: 5) Appellant asserts that the swabs could possibly contain epithelial cells of the assailant, which could exonerate appellant.  In his second issue, appellant contends that the trial court erred by concluding, as a matter of law, that appellant could not prove by a preponderance of the evidence that there is a reasonable probability that he could have been exonerated if the DNA results were available.

Under article 64.03(a), the trial court was required to grant appellant’s motion for DNA testing only if the court found, among other things, that (1) evidence still existed and was in a condition making DNA testing possible, and (2) appellant established by a preponderance of the evidence that there is a reasonable probability that appellant would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.
(footnote: 6)  The Texas Court of Criminal Appeals has recently held: 

Article 64.03(a)(2)(A) directs a convicting court to order DNA testing of evidence containing biological material only if a convicted person establishes by a preponderance of the evidence that there is a reasonable probability that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.  A trial court is never required to grant a convicted person’s request for testing absent such a showing.
(footnote: 7)
 In this case, appellant has failed to establish that there is a reasonable probability that he would not have been convicted if exculpatory results had been obtained through the DNA testing he is seeking because there is substantial evidence of appellant’s guilt aside from any DNA evidence.  That evidence is as follows:

Complainant picked appellant out of a photo lineup as the person who sexually assaulted her. 

Complainant recognized the box cutter in appellant’s possession as looking the same as the box cutter the person who sexually assaulted her used
.

Appellant admitted he picked up a lady hitchhiker on the day complainant was picked up and assaulted.  

Before the photo lineup, complainant described her attacker to the police as six feet tall and around two hundred pounds; an officer testified at trial that appellant’s description of her attacker matched appellant and that appellant’s driver’s license lists him as five feet, eleven inches tall, and weighing two hundred thirty-five pounds. 

Complainant described her attacker’s car as a red Bronco-type truck and reported the license plate number; the license plate that she reported was registered to appellant for his rust colored Chevrolet Blazer.

Appellant admitted that, while the hitchhiker was in his car, he stopped to use the restroom; complainant testified that her attacker stopped to urinate while she was in the vehicle.

Microscopic tests were done on appellant’s box cutter and complainant’s pants, which determined that the box cutter contained fibers that were similar in all microscopic specs to complainant’s pants, and that both appellant’s box cutter and complainant’s pants contained “microscopically similar” thick metal fragments.

 

Given the substantial evidence in the record supporting appellant’s guilt, we hold that appellant has failed to meet his burden to prove a reasonable probability that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.
(footnote: 8)  Although appellant argues that DNA testing of the swabs of complainant’s mouth may provide evidence of another male’s DNA in complainant’s mouth, mere presence of a third party’s DNA at a crime scene does not establish a reasonable probability of appellant's innocence when it does not explain away all of the other evidence pointing to appellant’s guilt.
(footnote: 9)  Therefore, we hold that the trial court did not err by denying appellant’s motion for DNA testing under article 64.03(a) and we overrule appellant’s issues.  

Accordingly, we affirm the trial court’s judgment. 

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
White v. State
, 999 S.W.2d 895, 903 (Tex. App.—Amarillo 1999, pet. ref’d).

3:
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

4:
Whitaker v. State
, 160 S.W.3d 5, 8 (Tex. Crim. App.), 
cert. denied; 
125 S. Ct. 194 (2004); 
Rivera
, 89 S.W.3d at 55.

5:
These swabs are still available and in control of the State. 

6:
Tex. Code Crim. Proc. Ann.
 art. 64.03(a) (Vernon 2001).  
Chapter 64 now requires that a convicted person establish “by a preponderance of the evidence that: (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing.” 
Id.
 64.03(a)(2)(A) (Vernon Supp. 2005).  The 2001 version applies, however, because appellant filed his motion on March 6, 2002, prior to the effective date of the amendment. 

7:
Dinkins v. State
, 84 S.W.3d 639, 643 (Tex. Crim. App. 2002) (citing 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)); 
Bolden v. State
, 112 S.W.3d 312, 313 (Tex. App.—Fort Worth 2003, pet. ref’d); 
see also Skinner v. State
, 122 S.W.3d 808, 812 (Tex. Crim. App. 2003)
 
(holding that ample evidence existed in the record that defeated the claim that a reasonable probability existed that defendant would not have been prosecuted or convicted if the DNA results were exculpatory, the trial court was correct in denying defendant’s motion for DNA testing).  

8:
Skinner
, 122 S.W.3d at 812.

9:
See id. 
(affirming trial court’s denial of appellant’s request for post conviction fingerprint comparison because even if evidence revealed presence of third party at crime scene, that evidence still would not establish a reasonable probability of appellant’s innocence in light of all other inculpatory evidence); 
Kutzner v. State
, 75 S.W.3d 427, 439 n.27 (Tex. Crim. App. 2002) (interpreting language and legislative history of article 64.03(a)(2)(A) and concluding that where “at most, exculpatory DNA tests on this evidence would ‘merely muddy the waters,’” appellant failed to establish the article 64.03(a) requirements), 
superceded by statute
,  
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A) (Vernon 2003), 
as recognized in Smith v. State
, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005)
.