

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00031-CR

BEN DANIEL WILLIAMS                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1123197D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ben Daniel Williams appeals from the trial court's order denying his postconviction motion for forensic DNA testing and request for appointed counsel. We affirm.

Williams was convicted of two counts of aggravated sexual assault of a child and one count of indecency with a child, all involving the same child

---

[1]See Tex. R. App. P. 47.4.

complainant.  This court affirmed his convictions.  *See Williams v. State*, No. 02-10-00118-CR, 2011 WL 1601290, at *1–2, *7 (Tex. App.—Fort Worth Apr. 28, 2011, pet. ref'd) (mem. op., not designated for publication).

On February 24, 2015, Williams filed a motion for forensic DNA testing "on the biological material that is in the possession of the State . . . or any other materials that still exist that [Williams] is unaware of."  *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (West Supp. 2015).  Williams stated in his affidavit that he could not specify which items should be tested "due to the 'erroneous' application of the policy allowed to exist in Tarrant County, called 'THE OPEN RECORDS POLICY[,]' where a Defendant's [attorneys] are allowed . . . total access to the State[']s files, just as long as the Defendant isn't allowed access to the same files."  Williams also requested the appointment of counsel.  *See id.* art. 64.01(c). The State notified the trial court, through the sworn affidavit of Sergeant Huggins of the Arlington Police Department, that the police agency "was never in possession of any evidence related to [Williams's] case"; therefore, the State averred that "[n]o evidence exists in a condition making DNA testing possible." *See id.* art. 64.02(a)(2)(B) (West Supp. 2015).  In its response to Williams's motion for forensic DNA testing, the State argued that because no biological material was collected from the sexual-assault examination of the complainant, the trial court could not grant Williams's motion for testing or motion for counsel. *See id.* arts. 64.01(b), 64.03(a)(1) (West Supp. 2015).  On April 7, 2015, the trial court signed an order denying Williams's motion for testing and request for

appointed counsel because "no biological evidence exists to be tested." Williams filed a notice of appeal from the trial court's order, arguing that he "strongly" believed that "the evidence does exist for DNA testing."[2] *See id.* art. 64.05 (West 2006).

Based on the record as recounted above, we conclude that the trial court did not err by denying Williams's motion for forensic DNA testing and for the appointment of counsel. *See generally Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding, in review of ruling on motion for forensic DNA testing, appellate court's standard is bifurcated), *cert. denied*, 552 U.S. 1117 (2008). The State notified the trial court that there was no biological evidence to be tested. A trial court may order forensic DNA testing only if the statutory preconditions are met, and the convicted person bears the burden to satisfy all preconditons. *See Holberg v. State*, 425 S.W.3d 282, 284 (Tex. Crim. App. 2014); *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (op. on reh'g). One such precondition to testing is the requirement that evidence containing biological material actually existed at the time of trial. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(b), 64.03(a)(1)(A)(1). The State informed the trial

---

[2]Williams did not file a brief, explaining that he could not do so because the trial court did not hold a hearing on his motion. Williams informed the court, however, that he desired to continue to prosecute his appeal. We notified Williams that we would submit his appeal without briefs. *See* Tex. Code Crim. Proc. Ann. art. 44.33(b) (West 2006); Tex. R. App. P. 38.8(b)(4). *See generally Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (noting courts of appeals may review unassigned error so long as the alleged error was preserved in the trial court).

court in its response to Williams's motion for testing that because the complainant was examined by a sexual-assault nurse more than ten months after the last sexual assault, there was no evidence containing biological material. *See id.* art. 64.02(a)(2)(B). Williams failed to carry his burden to show there was such evidence available for testing; thus, the trial court did not err by denying Williams's motion for forensic DNA testing. *See Bolden v. State*, 112 S.W.3d 312, 313–14 (Tex. App.—Fort Worth 2003, pet. ref'd). Similarly, the trial court did not err by denying Williams's request for the appointment of counsel because there were no reasonable grounds for a motion for forensic DNA testing to be filed. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c); *see also Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) ("Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a 'valid' or 'viable' argument for testing can be made.").

We affirm the trial court's order.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2016

4