

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00401-CR

RONALD J. COLEMAN                                         APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1301750R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ronald J. Coleman appeals from the trial court's order denying his postconviction motion for forensic DNA testing. We affirm.

A jury convicted Coleman of one count of aggravated sexual assault of an elderly or disabled person and one count of injury to a disabled person causing bodily injury. *See* Tex. Penal Code Ann. §§ 22.021(a)(2)(c), 22.04(f) (West

---

[1]*See* Tex. R. App. P. 47.4.

Supp. 2016). This court affirmed his convictions. *See Coleman v. State*, No. 02-13-00185-CR, 2014 WL 2809064, at *1 (Tex. App.—Fort Worth June 19, 2014, pet. ref'd) (mem. op., not designated for publication).

On April 24, 2015, Coleman filed a motion for forensic DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure, asserting that a medical examination had been conducted on the victim in his case, and that physical evidence from that examination "may have been turned over to the [p]rosecution for evidence." *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (West Supp. 2016). The State filed a response to Coleman's motion and attached the affidavits of Senora Spencer and Thomas A. Stimpson, who were the property/evidence custodians for the Fort Worth Police Department's property room and crime lab, respectively. Both Spencer and Stimpson testified that their respective agencies were "never in possession of any evidence" relating to Coleman's case. The State argued that because it did not have possession of any physical evidence relating to Coleman's case that might contain biological material, the trial court should deny his motion. *See id.* arts. 64.01(b), 64.03(a)(1) (West Supp. 2016). On September 18, 2015, the trial court signed an order denying Coleman's motion for testing because "no evidence containing biological material exists in a condition making DNA testing possible." Coleman

filed a notice of appeal from the trial court's order.[2] *See id.* art. 64.05 (West 2006).

Based on the record as recounted above, we conclude that the trial court did not err by denying Coleman's motion for forensic DNA testing. *See generally Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding, in review of ruling on motion for forensic DNA testing, appellate court's standard is bifurcated), *cert. denied*, 552 U.S. 1117 (2008). A trial court may order forensic DNA testing only if the statutory preconditions are met, and the convicted person bears the burden to satisfy all preconditions. *See Holberg v. State*, 425 S.W.3d 282, 284 (Tex. Crim. App. 2014); *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (op. on reh'g). One such precondition to testing is the requirement that evidence that has a reasonable likelihood of containing biological material exists. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(b), 64.03(a)(1)(A)(i) (West Supp. 2016). Here, the State notified the trial court that it did not have any physical evidence relating to Coleman's case that might contain biological material. *See id.* art. 64.02(a)(2)(B) (West Supp. 2016). Coleman

---

[2]Coleman did not file a brief. On multiple occasions, we notified him that he had failed to file a brief in accordance with our rules. We also extended his deadline to file a brief and warned him that his failure to do so would result in our consideration of his appeal without briefing. When Coleman still did not file a brief, we notified him that we would submit his appeal without briefs. *See* Tex. Code Crim. Proc. Ann. art. 44.33(b) (West 2006); Tex. R. App. P. 38.8(b)(4). *See generally Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (noting courts of appeal may review unassigned error so long as the alleged error was preserved in the trial court).

failed to carry his burden to show such evidence was available for testing; thus, the trial court did not err by denying his motion for forensic DNA testing. *See Bolden v. State*, 112 S.W.3d 312, 313–14 (Tex. App.—Fort Worth 2003, pet. ref'd).

We affirm the trial court's order.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016

4