**Eugenio L. RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–04–00178–CR.**

Court of Appeals of Texas, El Paso.

Dec. 16, 2004.

H.W. Leverett, Jr., Midland, for appellant.

John L. Pool, District and County Attorney, Andrews, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### OPINION

SUSAN LARSEN, Justice.

In this case, we must decide whether a person who was convicted of murder pursuant to a plea agreement has the right to appeal the trial court's denial of his post-conviction motion for DNA testing. We conclude that such a person does have the right to appeal. Accordingly, we will order the trial court to file a corrected certification of the defendant's right of appeal.

### PROCEDURAL BACKGROUND

In 1983, Eugenio L. Rodriguez pleaded guilty to murder and was sentenced to life in prison. In July 2002, he filed a motion for DNA testing and appointment of counsel. *See In re Rodriguez*, No. 08–03–00063–CR, 2003 WL 21419588, at *1 (Tex. App.-El Paso June 19, 2003, orig. proceeding) (not designated for publication). After months passed without a ruling from the trial court, Rodriguez filed a petition for writ of mandamus in this Court. *See id.* While the petition was pending, the trial court appointed counsel for Rodriguez. *See id.* at *1–*2. Because the trial court thus granted part of the relief Rodriguez requested in his mandamus petition, we denied the petition, stating, "We trust that the court will rule on Rodriguez's motion for forensic DNA testing within a reasonable time after counsel has had an opportunity to consult with Rodriguez." *Id.* at *2.

The trial court subsequently appointed Rodriguez a new attorney, who filed a new motion for DNA testing. *See In re Rodriguez*, No. 08–03–00499–CR, 2004 WL 516698, at *1 (Tex.App.-El Paso March 17, 2004, orig. proceeding) (not designated for publication). When another lengthy delay ensued without a ruling on the motion, Rodriguez filed a second mandamus petition in this Court. *See id.* at *1. Finally, on June 21, 2004, the court conducted a hearing and denied the motion for DNA testing.[1]

---

1. We are not suggesting that the delay was the sole fault of the trial court. *See Rodriguez*, 2004 WL 516698, at *1 (noting that at least part of the delay was due to "scheduling conflicts"). We also note that the current presiding judge of the 109th District Court

Rodriguez filed a notice of appeal, and the trial court granted his trial attorney's motion to withdraw without appointing appellate counsel. Rodriguez then filed a third mandamus petition, complaining that the trial court was preventing him from pursuing his appeal. *See In re Rodriguez*, No. 08–04–00289–CR, 2004 WL 2545083, at *1 (Tex.App.-El Paso Nov. 10, 2004, orig. proceeding) (not designated for publication). Finding no indication that the trial court was preventing Rodriguez from appealing, we denied the petition. *See id.* But we also issued an order, explaining that Rodriguez is entitled to an appointed appellate attorney, assuming he is indigent and desires the appointment of counsel. *See Gray v. State*, 69 S.W.3d 835, 837 (Tex.App.-Waco 2002, no pet.) (construing the former version of article 64.01(c) of the Code of Criminal Procedure). *But see* Tex.Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2004–05) (providing that for motions filed on or after September 1, 2003, counsel must be appointed only if the trial court "finds reasonable grounds for a motion to be filed"). We therefore ordered the trial court to conduct a hearing and to appoint counsel if it found that Rodriguez was indigent and desired the appointment of counsel.

We also noted that the clerk's record did not contain the trial court's certification of the defendant's right of appeal, as required by Texas Rule of Appellate Procedure 25.2(a)(2), (d). We ordered the trial court

to prepare and forward the certification to the trial court clerk for filing in this Court.

In compliance with our order, the trial court conducted a hearing, appointed counsel, and prepared a certification of the defendant's right of appeal. The certification states that this "is a plea-bargain case, and the defendant has NO right of appeal." [2]

### Discussion

When the defendant pleads guilty and is punished in accordance with a plea agreement, he may appeal only those matters that the trial court granted permission to appeal and those matters that were raised by written motion filed and ruled on before trial. Tex.R.App. P. 25.2(a)(2). The trial court must certify whether a defendant has the right to appeal under this rule in every case in which it enters a judgment of guilt or other appealable order. *Id.* This Court has the authority to inquire into the accuracy of a trial court's certification and to require the trial court to correct the certification if it is wrong. *See Stowe v. State*, 124 S.W.3d 228, 233, 236 (Tex.App.-El Paso 2003, no pet.).

One of the main interests served by Rule 25.2(a)(2) is judicial economy. *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim.App.2001). For example, in some cases, such as drug offenses, whether certain evidence should be suppressed is ef-

---

prosecuted Rodriguez for the murder, necessitating the assignment of a visiting judge to consider Rodriguez's motion for DNA testing.

2. At the hearing, the trial judge gave no indication that he intended to certify that Rodriguez had no right to appeal. At the conclusion of the hearing, the judge stated:

Oh, I have prepared a document that— there is a requirement that before the appeal can really proceed that I sign a document that says you are entitled to appeal

this matter. It is a document that has four or five choices, but the one that you're interested in is that you're entitled to proceed. And they did that because apparently folks would enter into an agreed disposition and then appeal from it, and that's no longer permitted.

Although the judge's comments indicated that he had already signed the certification, the certification forwarded to this Court was signed after the hearing.

fectively dispositive of the case. If the defendant's suppression motion is denied, the defendant may believe that he has little chance of an acquittal in a jury trial. In such a situation, the defendant may prefer to expedite matters by pleading guilty and then appealing the denial of the suppression motion. Thus, the State secures an acceptable disposition of the case and the defendant obtains expeditious appellate review without the necessity of a full adversarial trial. *Id.* The Court of Criminal Appeals has held, "The restrictions which ensure judicial economy, limitations on the defendant's right to appeal a conviction based on a plea bargain, are applicable to appeals concerning the conviction itself." *Id.* But when a defendant is appealing an issue unrelated to his conviction, the restrictions should not apply because the purpose behind the rule is not served. *Id.*

The purpose behind the rule would not be served by applying its restrictions to this appeal. This appeal does not arise from Rodriguez's conviction, but from a separate matter that arose after his conviction.

The statute that authorizes post-conviction DNA testing also indicates that the restrictions of the rule should not apply to this appeal. It allows the convicting court to order DNA testing if, among other things, identity was at issue in the case. TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon Supp. 2004–05). The statute provides, "A convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea." *Id.* art. 64.03(b). Thus, the Legislature expressed its intent to allow defendants who pleaded guilty the same right to post-conviction DNA testing as defendants who did not plead guilty. The statute also grants a right of appeal "in the same manner as an appeal of any other criminal matter...." *Id.* art. 64.05. No reference is made to the restrictions of Rule 25.2(a)(2).

We conclude that the restrictions of Rule 25.2(a)(2) do not apply to an appeal from the denial of post-conviction DNA testing. *Accord Lopez v. State*, 114 S.W.3d 711, 713–14 (Tex.App.-Corpus Christi 2003, no pet.) (considering the merits of an appeal from the denial of post-conviction DNA testing where the defendant pleaded guilty pursuant to a plea agreement). We will therefore direct the trial court to file a corrected certification, showing that Rodriguez has the right to appeal.