Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




 


IN RE: EUGENIO L. RODRIGUEZ,

                            Relator.

§
 
§
 
§
 
§
 
§
 
 § 




No. 08-06-00334-CR

AN ORIGINAL PROCEEDING
                        IN MANDAMUS



 

 

 




MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

            Relator Eugenio L. Rodriguez seeks a writ of mandamus ordering the 109th Judicial District
Court of Andrews County to appoint an attorney to represent him in his motion for forensic DNA
testing pursuant to Tex.Code Crim.Proc.Ann. art. 64.01 and to conduct a hearing on his request
for forensic DNA testing and a hypnosis test. Rodriguez also requests this Court compel the District
Clerk of Andrews County to file and present his motion to the 109th Judicial District Court, order
the District Clerk and the 109th Judicial District Court to stop harassing him with malicious delays
and denial of his requests, and order the District Attorney’s Office to disclose witness statements. 
            We first note that Relator has previously filed a motion for forensic DNA testing and was
appointed counsel to represent him in that proceeding. See Rodriguez v. State, 153 S.W.3d 245, 246
(Tex.App.--El Paso 2004, no pet.)(recounting the lengthy procedural history of Relator’s first
motion). Ultimately, this Court affirmed the trial court’s denial of Relator’s first motion for DNA
testing. See Rodriguez v. State, No. 08-04-00178-CR, 2005 WL 2313637 (Tex.App.--El Paso Sept.
22, 2005)(not designated for publication). Apparently, Relator has filed a second motion for forensic
DNA testing and request for counsel. The Texas Court of Criminal Appeals recently held in dicta
that “Chapter 64 does not prohibit a second, or successive, motion for forensic DNA testing, and that
a convicting court may order testing of material that was not previously tested ‘through no fault of
the convicted person, for reasons that are of a nature that the interests of justice require DNA
testing.’” Ex parte Baker, 185 S.W.3d 894, 897-98 (Tex.Crim.App. 2006).
            To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act
sought to be compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v. Court
of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex.Crim.App. 1987)(orig.
proceeding).
            Chapter 64 of the Code of Criminal Procedure provides that a convicted person may file in
the convicting court a motion for forensic DNA testing of evidence containing biological material. 
See Tex.Code Crim.Proc.Ann. art. 64.01(a)(Vernon 2006). A convicted person is entitled to
counsel during a proceeding for forensic DNA testing. Tex.Code Crim.Proc.Ann. art. 64.01(c). 
However, appointment of counsel under Article 64.01(c) is not a purely ministerial act. Neveu v.
Culver, 105 S.W.3d 641, 642 (Tex.Crim.App. 2003). As amended in 2003, under Article 64.01(c)
the convicting court is required to appoint counsel only if it determines that the convicted person is
indigent and finds reasonable grounds for a motion to be filed. See Tex.Code Crim.Proc.Ann. art.
64.01(c); see also Acts of 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex.Gen.Laws 2, 2-3 [2001
version of Article 64.01(c)].
            To establish that the trial court abused its discretion by failing to rule on a motion, the Relator
must show the trial court: (1) had a legal duty to perform a nondiscretionary act, (2) was asked to
perform the act, and (3) failed or refused to do so. In re Chavez, 62 S.W.3d 225, 228 (Tex.App--Amarillo 2001, orig. proceeding). A trial court is required to consider and rule upon a motion within
a reasonable time. In re Bonds, 57 S.W.3d 456, 457 (Tex.App.--San Antonio 2001, orig.
proceeding). When a motion has been properly and has been brought to the court’s attention, the act
of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue
to compel the trial judge to act. See id.; see also In re Cash, 99 S.W.3d 286, 288 (Tex.App.--Texarkana 2003, orig. proceeding)(conditionally granting writ of mandamus when the trial court
failed to rule on a motion for forensic DNA testing for five months).
            Relator has failed to provide a copy of his motion requesting appointment of counsel or his
motion requesting forensic DNA testing as an attachment to his petition, therefore we cannot
determine whether he presented the court with any basis for finding there were reasonable grounds
for the motion. See Tex.Code Crim.Proc.Ann. art. 64.01(c). Without such evidence, we cannot
determine whether the trial court abused its discretion by failing to act or rule on Relator’s motions. 
Moreover, because Relator has failed to provide a copy of his motion requesting forensic DNA
testing, this Court cannot determine whether Relator’s complied with the requirements set forth in
Article 64.01(a), namely whether the motion was accompanied by an affidavit, sworn to by the
convicted person, containing statements of fact in support of the motion. See Tex.Code
Crim.Proc.Ann. art. 64.01(a).
            To extent Relator seeks mandamus against the district clerk and district attorney’s office, we
have no authority to issue a writ of mandamus to the district clerk or the district attorney’s office in
this case. See Tex.Gov’t Code Ann. § 22.221(a),(b)(Vernon 2004). 
            Because the Relator has not shown that he is entitled to any of the relief sought, the petition
for writ of mandamus is denied.

March 8, 2007                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)