NO. 07-07-0405-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 17, 2008

_____

LEE OLIVER BROUSSARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 43230; HONORABLE LAYNE WALKER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Appellant Lee Oliver Broussard appeals from an order denying post-conviction DNA testing. The clerk's record was filed on November 16, 2007. A supplemental clerk's record was filed on May 5, 2008.

Neither the clerk's record nor the supplemental clerk's record contains a certification by the trial court of appellant's right of appeal under Texas Rule of Appellate Procedure 25.2(d). Rule 25 requires the trial court to enter such a certification "each time it enters a

judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). Courts have required certification of the right to appeal orders denying post-conviction DNA testing. *See, e.g., Rodriguez v. State,* 153 S.W.3d 245 (Tex.App.–El Paso 2004), *aff'd* No. 08-04-00178-CR, 2005 WL 2313637 (Tex.App.–El Paso Sept. 22, 2005) (mem. op., not designated for publication); *Lopez v. State,* 114 S.W.3d 711 (Tex.App.–Corpus Christi 2003, no pet.). Following the plain language of Rule 25.2, we find certification is required here.

Consequently, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall utilize whatever means necessary to secure a Certification of Defendant's Right of Appeal in compliance with Texas Rule of Appellate Procedure 25.2(d), regarding appellant's appeal of the trial court's denial of his request for post-conviction DNA testing. This certification must comply with the requirements effective September 1, 2007. Once executed, the certification shall be included in a supplemental clerk's record and filed with this Court on or before July 14, 2008.

It is so ordered.

Per Curiam

Do not publish.

2