# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00212-CR

**In re A. D. Bowman**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
## NO. 13,395-B, HONORABLE CURT F. STEIB, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant A.D. Bowman seeks to appeal from the district court's order denying Bowman's fourth request for appointment of counsel for DNA testing. On July 8, 2009, this Court notified the district clerk's office that the clerk's record did not contain the district court's certification of Bowman's right to appeal signed by the judge and defendant's counsel. We asked the district clerk to file a supplemental clerk's record by July 20, 2009.

On July 20, 2009, we received a letter from the district clerk informing us that Bowman "is acting as his own counsel and this has been an ongoing thing since 1983."[1] The district clerk added, "The Judge has denied several times an appointment for counsel under article 64.01(c)." "Therefore," the district clerk concluded, "we do not have a trial court's certification of defendant's right to appeal."

---

[1] This was the year of Bowman's conviction.

The rules of appellate procedure provide, "The trial court *shall* enter a certification of the defendant's right of appeal *each time* it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2) (emphasis added). An order denying a defendant's request for counsel for DNA testing is an appealable order. *See* Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006) ("An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals."); *James v. State*, 196 S.W.3d 847, 849 (Tex. App.—Texarkana 2006, no pet.); *Lewis v. State*, 191 S.W.3d 225, 227-28 (Tex. App.—San Antonio 2005, pet. ref'd); *see also In re Franklin*, No. 03-07-00563-CR, 2008 Tex. App. LEXIS 4545, at *2 (Tex. App.—Austin June 19, 2008, no pet.) (mem. op., not designated for publication) ("Under article 64.05 as it now reads, an appeal lies from an order denying a request for appointed counsel."). Accordingly, the appellate rules require that the district court enter a certification of Bowman's right of appeal from his fourth request for appointment of counsel for DNA testing—and that we enforce this requirement. *See* Tex. R. App. P. 25.2(a)(2); *Rodriguez v. State*, 153 S.W.3d 245, 248 (Tex. App.—El Paso 2004, no pet.); *Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.); *see also Jackson v. State*, No. PD-0416-08, 2008 Tex. Crim. App. Unpub. LEXIS 473, at *1-2 (Tex. Crim. App. June 25, 2008) (in case involving pro se motion for DNA testing, requiring appeals court to abate appeal and remand to trial court "to demonstrate the basis for its certification that appellant waived appeal or to correct its certification" showing that defendant has right of appeal); *Broussard v. State*, No. 07-07-00405-CR, 2008 Tex. App. LEXIS 4534, at *1-2 (Tex. App.—Amarillo June 17, 2008,

no pet.) (not designated for publication) (in case involving pro se motion for DNA testing, abating appeal and remanding to district court for entry of certification of defendant's right to appeal).

We therefore abate this cause and remand it to the district court for entry of a certification of Bowman's right to appeal. Once entered, the certification shall be included in a supplemental clerk's record and filed with this Court on or before September 24, 2009.

Before Justices Patterson, Puryear and Pemberton

Abated

Filed: August 25, 2009

Do Not Publish

3