COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EUGENIO RODRIGUEZ, | § | No. 08-07-00248-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 109th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Andrews County, Texas |
| | § | |
| Appellee. | | (TC#1532) |
| | § | |
| | § | |

**O P I N I O N**

This is an appeal from the trial court's order denying Appellant's motion for post-conviction DNA testing. Affirmed.

Appellant is incarcerated for life in the Institutional Division of the Texas Department of Criminal Justice following his plea of guilty to murder in 1983. *See Rodriguez v. State*, 153 S.W.3d 245, 246 (Tex.App.--El Paso 2004, no pet.). During his incarceration, Appellant has filed several motions for DNA Testing and "Hypnotic Testing" and numerous petitions for writs of mandamus.[1] In March of 2007, Appellant filed another motion for post-conviction DNA testing and "hypnosis test" pursuant to Article 64.01 of the Texas Code of Criminal Procedure.

---

[1] *Rodriguez v. State*, 153 S.W.3d 245, 246 (Tex.App.--El Paso 2004, no pet.); *Rodriguez v. State*, No. 08-04-00178-CR, 2005 WL 2313637 (Tex.App.--El Paso 2005, no pet.)(Op. not designated for publication); *In re Rodriguez*, No. 08-03-00063-CR, 2003 WL 21419588 (Tex.App.--El Paso 2003)(orig. proceeding); *In re Rodriguez*, No. 08-03-00499-CR, 2004 WL 156698 (Tex.App.--El Paso 2004)(orig. proceeding); *In re Rodriguez*, No. 08-04-00289-CR, 2004 WL 2545083 (Tex.App.--El Paso 2004)(orig. proceeding); *In re Rodriguez*, No. 08-06-00334-CR (Tex.App.--El Paso 2007)(orig. proceeding).

The trial court denied Appellant's motion by written order on August 7, 2007. The order stated as follows:

> On this day, came on to be considered Defendant's Motion for DNA testing and Motion for Hypnotic Testing. After due consideration, the Court finds the Defendant plead guilty to the offense of Murder on December 7, 1983 and was allowed an appeal by the trial judge. The conviction was upheld by the appellate court and the Defendant was incarcerated in the Texas Department of Corrections for life. The Court further finds Defendant has on a least three previous occasions filed Motions for DNA testing and was appointed counsel to represent him. After hearing, each motion has resulted in the denial of relief for the Defendant. In addition to the pending motion for DNA Testing, the Defendant has filed a Motion for Hypnotic Testing. The Court appointed attorney E. Jason Leach to represent the Defendant, which attorney withdrew from such representation at the request of Mr. Leach and the Defendant. The [Court] finds the Defendant has received ample review of his DNA testing claim and his claim for Hypnotic Testings is spurious and without merit; accordingly,
>
> IT IS ORDERED AND DECREED that the Defendant's Motion for DNA Testing and Motion for Hypnotic Testing be, and the same are in all things DENIED.

Appellant has appealed the trial court's denial order *pro se*. During the pendency of this appeal, Appellant has filed various documents with this Court indicating both his wish to have a second attorney appointed to represent him on appeal, and his request to proceed on appeal *pro se*. In response to Appellant's conflicting requests, this Court abated the appeal and remanded the case to the trial court for determination whether he wished to proceed *pro se*, and if so, for Appellant to be admonished of his rights and responsibilities as a *pro se* appellant. Appellant has maintained his desire to proceed without representation, and the trial court has admonished him according to state law.

According to Appellant's brief, "a half eaten hot dog and a Texsun juice can" was recovered during the murder investigation. As we understand Appellant's brief, motions, and subsequent filings, Appellant wishes for this material to be tested for the presence of DNA, and

-2-

contends that the trial court erred by denying his motion for such testing.[2]

When reviewing a trial court's decision regarding a post-conviction motion for DNA, we afford almost total deference to the court's determination of historical facts, and application-of-law-to-fact issues which turn on evaluation of credibility and demeanor. *See Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). Only questions of law are subject to *de novo* review. *Id*.

Under Article 64.01, a defendant may request the convicting court to permit forensic DNA testing of evidence containing biological material that was in the State's possession during trial, if that evidence: (1) was not previously subject to DNA testing because DNA testing was not available; (2) was not previously subjected to DNA testing because DNA testing was available but not technologically capable of providing probative results; (3) was not previously subjected to DNA testing, through no fault of the convicted person, for reasons that are of a nature such that the interests of justice require DNA testing; or (4) was previously subjected to DNA testing, but can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. *See* TEX.CODE CRIM.PROC.ANN. art. 64.01 (Vernon Supp. 2008). The defendant must also demonstrate by a preponderance of the evidence that: (1) he would not have been convicted if exculpatory results had been obtained through DNA testing; and (2) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or

---

[2] Appellant's brief fails to provide a cognizable argument regarding any of the issues Appellant purports to present to this Court, and is devoid of citations to appropriate legal authority and the record. *See* TEX.R.APP.P. 38.1(i). Therefore, to the extent Appellant has presented any issues for this Court's review, they have been waived. *See id*. In the interests of justice, however, we will review the trial court's decision denying Appellant's motion for DNA testing. We decline to address Appellant's Motion for "Hypnotic Testing."

administration of justice. *See* TEX.CODE CRIM.PROC.ANN. art. 64.03(a)(2); *Hooks v. State*, 203 S.W.3d 861, 863 (Tex.App.--Texarkana 2006, pet. ref'd). A trial court can only order forensic DNA testing if the statutory requirements are met. *Bell v. State*, 90 S.W.3d 301, 306 (Tex.Crim.App. 2002).

Appellant's motion does not specify whether the items he wishes to be tested were available at the time of trial, or whether they have been subjected to DNA testing in response to one of his prior motions. In fact, neither the motion, nor Appellant's supporting affidavit identify the items to be tested at all. Only in his brief to this Court has Appellant identified "a half eaten hot dog and a Texsun juice can" as items which could contain testable biological material. Appellant's motion fails to address how testing of these items would demonstrate by a preponderance of the evidence that he was innocent of the crime to which he plead guilty. In addition, the supporting affidavit fails to address whether the items were in the State's possession at the time of trial and does not explain Appellant's fault, or lack thereof, in not subjecting those items to DNA testing at the time of trial. In sum, Appellant's motion failed to satisfy the statutory requirements and was properly denied by the trial court. *See Dinkins v. State*, 84 S.W.3d 639, 643 (Tex.Crim.App. 2002). Appellant's issues are overruled.

Also pending before the Court is Appellant's motion to compel the trial court to hold an evidentiary hearing regarding Appellant's decision to proceed *pro se* on appeal. However, Appellant admits he has received the trial court's written admonishments by mail and indicates in his motion that he still wishes to represent himself in this matter. Therefore, Appellant's motion is DENIED, and in accordance with our discussion above, the trial court's order denying Appellant's motion for DNA and "hypnotic" testing is affirmed.

-4-

September 30, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)