

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00347-CR

MICHAEL GOWAN                                                APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 30,832-C

----------

## MEMORANDUM OPINION[1]

----------

Michael Gowan attempts to appeal the trial court's order granting post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. We dismiss for want of jurisdiction.

Chapter 64 of the Texas Code of Criminal Procedure provides the framework within which a convicted person may request forensic DNA testing of

---

[1]*See* Tex. R. App. P. 47.4.

evidence. *See generally* Tex. Code Crim. Proc. Ann. arts. 64.01–.04 (West Supp. 2014), 64.05 (West 2006). Article 64.05 provides that an appeal under Chapter 64 "is to a court of appeals in the same manner as an appeal of any other criminal matter." Tex. Code Crim. Proc. Ann. art. 64.05. By its plain language, the statute directs that all appeals follow the usual procedures designated for appeals to the courts of appeals. *Swearingen v. State*, 189 S.W.3d 779, 780–81 (Tex. Crim. App. 2006). Thus, an appeal under Chapter 64 must also satisfy the requirements found in the Texas Rules of Appellate Procedure. *See id.* at 781.

Texas Rule of Appellate Procedure 25.2(a)(2) provides that a defendant has the right to appeal as provided by article 44.02 of the code of criminal procedure. *See* Tex. R. App. P. 25.2(a)(2). The Rule further provides that when a defendant appeals, the trial court must enter a certification of the defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." *See id.* An order that relates to issues that may be litigated on appeal is not necessarily an "appealable order" for purposes of Rule 25.2(a)(2). *See Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010).

Here, the trial court's order granting additional DNA testing did not end the Chapter 64 proceedings. *See, e.g., Ex parte Padilla*, No. 03–10–00667–CR, 2010 WL 5019166, at *1–2 (Tex. App.—Austin Dec. 10, 2010, pet. ref'd) (mem. op., not designated for publication). Thus, the challenged order is interlocutory, and interlocutory orders generally are not immediately appealable.

2

*See Gutierrez,* 307 S.W.3d at 323 ("[I]nterlocutory appeals are viewed as an extraordinary measure and are rarely permitted."). The legislature has not created a statutory provision authorizing convicted persons to appeal Chapter 64 orders that do not terminate the proceedings. *See, e.g., State v. Waller*, 104 S.W.3d 307, 308 (Tex. App.—Dallas 2003, pet. ref'd). Nor is there any rule or constitutional provision that authorizes the appeal. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Consequently, the trial court's order granting Gowan's request for DNA testing is not an "appealable order." *See Gutierrez,* 307 S.W.3d at 323. Furthermore, the trial court's certificate of Gowan's right to appeal states that "the trial court's order granting the DNA motion is not appealable by [] Gowan." *See* Tex. R. App. P. 25.2(a)(2); *see also Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.) (abating appeal from denial of post-conviction DNA testing under chapter 64 so that trial court could supplement record with certification of defendant's right to appeal); *but see Rodriguez v. State*, 153 S.W.3d 245, 248 (Tex. App.—El Paso 2004, no pet.) (holding that TRAP 25.2(a)(2) does not apply to appeals from denial of post-conviction DNA testing under chapter 64). Therefore, we hold that we do not have jurisdiction over this appeal and we dismiss it. *See id.; Abbott*, 271 S.W.3d at 697.

Furthermore, we deny Gowan's "Motion to Supplement Response Showing Grounds for Appeal," and his "Motion to Examine for Defectiveness the Trial Court's Denial of Certification of Right to Appeal."

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 19, 2015