Opinion issued October 1, 2009



 

 



 





In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00101-CR

____________


EDWARD GALVAN CORONADO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 449616






MEMORANDUM OPINION


Appellant, Edward Galvan Coronado, appeals from the trial court's denial of
his motion for post-conviction DNA testing, pursuant to article 64.03(a) of the Texas
Code of Criminal Procedure. We affirm the order of the trial court.

Appellant's court-appointed counsel filed a motion to withdraw as counsel and
a brief concluding that this appeal is without merit. Counsel's brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967), by presenting a professional evaluation of the record that demonstrates the
lack of arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim.
App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd).

Counsel represents that he served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
response. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 

Appellant has filed a pro se response in which he alleges that (1) DNA
evidence would have proved his innocence, (2) his confession was coerced and made
under the influence of alcohol, and (3) he was a victim of a racially-motivated
prosecution. We need only address the issue of DNA testimony, as the other issues
relate to appellant's original conviction and this Court has no jurisdiction to consider
them in this DNA appeal. See Lopez v. State, 114 S.W.3d 711, 714 (Tex.App.-Corpus
Christi 2003, no pet.) (holding that jurisdiction afforded to appellate court for post-conviction DNA motions does not extend to collateral attacks on judgment of
conviction or resurrect issues that could have been challenged on direct appeal).

For a convicting court to grant a motion for post-conviction DNA testing,
Chapter 64.03(a) of the Texas Code of Criminal Procedure requires that the convicted
person establish, among other things, that "the person would not have been convicted
if exculpatory results had been obtained through DNA testing." Id.; see also Wilson
v. State, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006).

Whether DNA evidence would have proved exculpatory to a convicted person
is an application-of-law-to-fact question which is reviewed de novo. See Wilson, 185
S.W.3d at 585 (citing Rivera v. State, 89 S.W.3d 55, 50 (Tex. Crim App. 2002)).
However, the evidence in the State's possession--a slide containing known hair and
slides containing hair from appellant's clothes and the fly of his pants--would not
prove exculpatory even if the hairs were from someone other than appellant or the
victim. The sexual assault for which appellant was convicted occurred on the ground
of a public park, and therefore, the existence of foreign hair would not be unexpected
and would "merely muddy the waters." See Jacobs v. State, 115 S.W.3d 108 at 113
(Tex. App.--Texarkana 2003, pet. ref'd)). 

Further, the presence of a third party's hair would not be exculpatory in light
of other evidence of appellant's guilt. See Skinner v. State, 122 S.W.3d 808, 813
(Tex. Crim. App. 2003) (the presence of a third party's DNA at the crime scene would
not constitute affirmative evidence of innocence given the other evidence of guilt in
the case). Appellant was seen at the park by a police officer who noted that appellant
had grass in his pubic hair and grass hanging from his penis. The victim had grass
on her buttocks and ran to the officer crying, "Don't let him hurt me again." 
Appellant later confessed to the crime.

Appellant was also arrested along with a codefendant, Ramon Jalomo. The
complainant alleged that both men had raped her, and both men confessed. The
presence of Jolomo's hair at the scene would not exculpate appellant. See Wilson v.
State, 185 S.W.3d 481, 485 (Tex. Crim. App. 2006) (holding that if DNA testing
showed additional perpetrator, it would have no effect on defendant's guilt as party).

We have carefully reviewed the record, counsel's brief, and appellant's pro se
response, and, finding no arguable grounds for appeal, we agree that the appeal is
without merit. Therefore, we affirm the judgment of the trial court.

We grant counsel's motion to withdraw. See Stephens v. State, 35 S.W.3d 770,
771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Counsel has a duty to inform
appellant of the result of this appeal and also to inform appellant that he may, on his
own, pursue discretionary review in the Texas Court of Criminal Appeals. See Ex
parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).





We affirm the judgment of the trial court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. Tex. R. App. P. 47.2(b).